NICHOLSON, ADMX., APPELLANT, *v.* LANDIS ET AL., APPELLEES.

(No. 85AP-137 — Decided June 13, 1985.)

*Susan L. Gwinn* and *James A. Wallace,* for appellant Judith A. Nicholson, administratrix.

*Bricker & Eckler* and *Michael J.*

108

*Renner,* for appellee O'Bleness Memorial Hospital.

*William M. Todd,* for appellees Phillip D. Kinnard, M.D., David Brown, D.O., and John P. Ortman, M.D.

*Graham, Dutro & Nemeth* and *Michael Romanello,* for appellees John Murrey, D.O., and Radiology Associates of Athens.

STRAUSBAUGH, J. This is an appeal by plaintiff from a judgment of the common pleas court filed January 23, 1985, sustaining the motion of defendants John Murrey, D.O., and Radiology Associates of Athens and dismissing the action because of lack of proper venue.

The record indicates that, on March 2, 1984, plaintiff filed her cause of action, in the Franklin County Court of Common Pleas, which arose out of an accident between a motorcycle operated by plaintiff's deceased husband, Robert H. Nicholson, and an automobile operated by defendant James E. Landis, which occurred in Athens County in March 1983. The decedent was treated by defendant physicians in an emergency room of defendant O'Bleness Memorial Hospital in Athens County and died while being transferred to Columbus at Lancaster-Fairfield Community Hospital in Fairfield County. In her complaint, plaintiff alleged that defendant James E. Landis had injured her husband by negligently operating the automobile and that defendants Romie C. Landis and Winifrede Landis negligently entrusted the motor vehicle to defendant James E. Landis, knowing that he was unfit or unable to safely operate a motor vehicle. Plaintiff also alleged that defendant physicians, their employers and defendant hospital had negligently treated her husband causing his death. The Landis defendants were the only residents of Franklin County and the remaining defendants all were residents of Athens County. Upon filing her complaint, the plaintiff requested the clerk of courts not to make service upon defendants. On August 20, 1984, plaintiff requested the clerk of courts to serve process upon the medical-care defendants but did not request service upon the Landis defendants. On September 14, 1984, defendant hospital filed its answer. On September 18, 1984, defendant Murrey filed a motion to dismiss for failure of plaintiff to state a claim upon which relief can be granted. On September 21, 1984, defendants Kinnard, Ortman and Brown each filed separate answers. On November 7, 1984, plaintiff dismissed her cause of action against the three Landis defendants with prejudice. On December 20, 1984, defendants Kinnard and Brown made a motion to the trial court for a protective order prohibiting plaintiff from taking the depositions of defendants Kinnard, Brown and Ortman. On January 17, 1985, defendants Murrey and Radiology Associates of Athens filed a supplemental motion alleging that, as the result of the dismissal of plaintiff's complaint against the three Landis defendants, not one remaining defendant in the cause of action resides in Franklin County and that proper venue was lodged in Athens County and requested that the cause of action be transferred to Athens County. It is from the order of the trial court, sustaining said motion and dismissing the action as to all defendants, that plaintiff brings this appeal setting forth the following two assignments of error:

"I. The trial court erred in ruling that venue was improper in Franklin County.

"II. The trial court erred in dismissing plaintiff's Complaint for improper venue."

Inasmuch as both of the assignments of error are interrelated, they will be considered together.

Civ. R. 3(B) provides, in part:

"* * * Proper venue lies in any one or more of the following counties:

"(1) The county in which the defendant resides;

"* * *".

Civ. R. 3(E), venue, provides:

"In any action, brought by one or more plaintiffs against one or more defendants involving one or more claims for relief, the forum shall be deemed a proper forum, and venue therein shall be proper, if the venue is proper as to any one party other than a nominal party, or as to any one claim for relief.

"Neither the dismissal of any claim nor of any party except an indispensable party shall affect the jurisdiction of the court over the remaining parties."

Civ. R. 12(B) provides, in part:

"Every defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (3) improper venue * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. * * *"

Civ. R. 12(G) provides:

"A party who makes a motion under this rule must join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted * * *."

In accordance with said rules, it is essential that a party asserting improper venue must make such assertion at the earliest possible moment. The trial court, in considering the issue of improper venue, must consider the question from the point of time of the inception of the filing of the cause of action whether a party to the lawsuit was nominal or not, in accordance with the provisions of Civ. R. 3(E). Here, defendants did not timely raise the issue of venue and therefore defendants have waived the defense of improper venue as provided for in Civ. R. 12(H), which provides that a defense of improper venue is waived if omitted from a motion in the circumstances described in Civ. R. 12(G). For the foregoing reasons, both of plaintiff's assignments of error are well-taken and are therefore sustained. The judgment is reversed and the cause is remanded.

*Judgment reversed
and cause remanded.*

McCormac and Moyer, JJ., concur.