**BANK ONE OHIO TRUST COMPANY, N.A., Trustee, Appellant,**

v.

**HIRAM COLLEGE et al., Appellees.**

[Cite as *Bank One Ohio Trust Co., N.A. v. Hiram College* (1996), 115 Ohio App.3d 159.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

. No. 95 C.A. 171.

Decided Oct. 31, 1996.

*John F. Zimmerman, Jr.*, for appellant.

*Stewart D. MacDonald*, for appellees, Hiram College and Catholic Diocese of Youngstown.

---

JOSEPH E. O'NEILL, Presiding Judge.

This cause originated when the present appellant filed a complaint sounding in declaratory judgment before the Mahoning County Probate Court. It was prayed for in the complaint that the court construct Item X, Paragraph 5.B. of the Last Will and Testament of James Joseph McFarlin. Paragraph 5 of Item X of the decedent's will provided, in pertinent part, as follows:

"5. In the administration of this Trust and of the Trust Fund, the Trustee shall have all powers and authority necessary or available to carry out the purpose of this Trust and, without limiting the generality of the foregoing, shall have the following powers and authority:

" * * *

"B. To retain as part of the Trust principal any asset which the Trustee receives from my estate, but otherwise to invest and reinvest the Trust principal only in those investments permitted to fiduciaries under Section 2109.37 of the Ohio Revised Code or any successor statute."

The trustee alleged in the complaint that it not only had specific authority to invest the principal of the trust estate in investments authorized by R.C. 2109.37, but also that that provision of the will extended power and authority to make investments permitted by R.C. 2109.371 and 2109.372.

The issue came on for final disposition by the probate judge based upon a motion for summary judgment filed and served by the present appellant. In his opinion and judgment entry, the probate judge determined that it was the intention of the decedent that the trustee " 'invest and reinvest the trust principal *only* and those investments permitted to fiduciaries under Section 2109.37.' "

In its motion, the appellant advanced two theories to the probate judge:

"1. That the specific grant of authority to invest the corpus of the Trust in 'those investments permitted to fiduciaries under Section 2109.37 of the Ohio Revised Code' is made expressly without limitation of the Testator's grant of 'all powers and authority necessary or available to carry out the purpose of this Trust'; and

"2. Sections 2109.371 and 2109.372 are 'successor statute' to section 2109.37 within the meaning of Decedent's Will."

In the construction of a will, the sole purpose of the probate court should be to ascertain and carry out the intention of the testator, and that intention must be ascertained from the words contained in the will. *Townsend v. Townsend* (1874), 25 Ohio St. 477, paragraphs one and two of the syllabus. The intention of the testator is to be ascertained not by what occurred long after the execution of his will, but by what was apparently or presumably in his contemplation at the time he was making it. 80 American Jurisprudence 2d (1975) 268 Wills, Section 1152.

The wording of Item X, paragraph 5, subparagraph b, is very clear and requires no interpretation. The decedent was very specific when he stated in his will, "but otherwise to invest and reinvest the trust principal *only* in those investments permitted to fiduciaries under Section 2109.37 of the Revised Code or any successor statute." Very obviously and without question, he was restricting the manner in which assets could be invested and reinvested.

The appellant argues that the phrase "any successor statute" gives it authority to also make investments pursuant to the provisions of R.C. 2109.371 and 2109.372. Neither of these statutes is a successor to R.C. 2109.37 as it read when the decedent drew his will. The very opening phrase of R.C. 2109.371 justifies the conclusion that it is not a successor statute to R.C. 2109.37. That opening phrase reads as follows:

"In addition to those investments made eligible by section 2109.37 or 2109.372 of the Revised Code * * *."

Obviously, R.C. 2109.371 was described by the legislature as being a statute aside from R.C. 2109.37.

A "successor" is defined as "one who follows or comes into the place of another." Neither of the Revised Code sections advanced by the appellant has followed or come into the place of R.C. 2109.37.

The judgment of the probate court is affirmed.

*Judgment affirmed.*

Gene Donofrio and Cox, JJ., concur.