An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision.Crawford v. Eastland Shopping Mall Assn. (1983). 11 Ohio App.3d 158; Loc.App.R. 11.1.
Defendant-appellant A. American Entertainment Corporation appeals from the trial court's January 25, 1999 decision in favor of plaintiff-appellee Jennifer McGannon ("McGannon") in this small claims breach of contract action.[1] For the reasons adduced below, we affirm as modified the judgment of the trial court.
A review of the record on appeal indicates that on June 6, 1998, McGannon executed a theatrical booking agency representation agreement with appellant. According to the language of the first sentence of that agreement, Appellant "is in the business of marketing the services of Escorts, Models, Dancers, Strippers and Bachelor Party Entertainers. . . ." The term of the agreement was one month, and unless written notice of non-renewal was received by appellant in a timely manner or the agreement was canceled by appellant "for cause," it was automatically renewed on a month-to-month basis. Article I of the agreement, which provides for agency fees and commissions due appellant from the model for all assignments booked by appellant, states that appellant is to be paid (1) a booking fee of 33 and 1/3 percent of each "Transaction Charge," and (2) a fee of 33 and 1/3 percent as a commission.[2] Article V of the agreement committed McGannon to be available for assignments by appellant up to five nights per week and up to ten hours per night. Article X of the agreement provided that "any litigation of any kind for any reason, brought by either party will take place in Franklin County, Ohio."
On July 20, 1998, McGannon filed a small claims Complaint in the trial court generally alleging that she had not received proper payment for her services rendered in June of 1998, from appellant and co-defendant Mr. Jim Hallauba.[3] Attached to the Complaint was an unauthenticated copy of the agency agreement, unauthenticated copies of McGannon's three weekly account statements with appellant for June of 1998, and unauthenticated copies of three charges totaling $520 assessed against McGannon by appellant during June of 1998. McGannon sought $3,000 in damages. Despite being served with the Complaint, appellant did not file an Answer or Counterclaim.
On August 24, 1998, at 11:15 a.m., with prior notice to the parties pursuant to R.C. 1925.05 (A), the magistrate conducted a hearing on the Complaint.[4] McGannon and Hallauba were present at the hearing, but appellant was not present. Notes by the magistrate indicate that she believed that McGannon had been terminated by appellant on June 23, 1998, for arriving to work drunk. These unauthenticated notes also indicate McGannon worked 27 nude exotic dancing sessions, but was not paid her $43 per session compensation from appellant, for total damages of $1,161 (27 x $43 = $1,161). Also on August 24, 1998, appellant successfully filed via facsimile transmission a Motion to Dismiss the Complaint because the Complaint was not filed in Franklin County, Ohio, pursuant to Article X of the booking agreement. The time of the transmission was 11:51 a.m.[5] Based on the evidence from the hearing, the magistrate recommended: (1) judgment for McGannon against appellant in the amount of $1,161; (2) judgment for co-defendant Hallauba; (3) denial of the Motion to Dismiss because it was filed after the hearing. The magistrate's recommendations were filed on August 25, 1998, the day following the hearing. On September 7, 1998, appellant filed objections to the magistrate's recommendations of August 25, 1998. These objections did not argue the factual findings made by the magistrate relative to the merits of the Complaint; instead, the objections argued that Franklin County, Ohio, should be the venue for the action and requested that either the Complaint be dismissed or, in the alternative, that the matter be rescheduled for further hearing so that appellant could present a defense to the Complaint. Attached to these objections was an unauthenticated copy of a bail agreement with an accused in Franklin County Municipal Court which detailed an arraignment scheduled for August 24, 1998 at 9:00 a.m. Appellant's counsel's name does not appear in this bail agreement. Appellant argued without proper evidentiary support that he represented the accused at the subsequent arraignment in Franklin County Municipal Court. Also attached to these objections was a copy of the previously filed Motion to Dismiss.
On December 15, 1998, the magistrate filed a two-page Findings of Fact and Conclusions of Law relative to the August 24, 1998 hearing. These findings and conclusions basically explained and reiterated the earlier magistrate notes and recommendation of August 25, 1998, adding that appellant failed to appear at the hearing and was in default and the Motion to Dismiss, having been filed after "judgment was rendered," was untimely and the "objection to venue was deemed waived pursuant to Ohio Rule of Civil Procedure 12 (H)." See Conclusions of Law at paragraphs 2, 4-5. On December 23, 1998, appellant filed objections to the December 15, 1998 Findings of Fact and Conclusions of Law prepared by the magistrate. Attached to these objections were unauthenticated copies of McGannon's agency agreements with appellant, an unauthenticated copy of McGannon's alleged January 1, 1998 financial management service agreement with DGT, Incorporated,[6] a copy of the Motion to Dismiss, and unauthenticated copies of liquidated penalty charges by appellant to the account of McGannon for having missed work.[7]
On January 25, 1999, the trial court overruled the December objections made by appellant and affirmed and adopted the recommended Findings of Fact and Conclusions of Law. This appeal from that final order was filed on February 11, 1999.
Seven assignments of error are presented for review.
I
 THE TRIAL COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN ADOPTING THE REPORT OF THE MAGISTRATE FINDING OF FACT (1) THAT PLAINTIFF WAS HIRED BY DEFENDANT A. AMERICAN ENTERTAINMENT CORPORATION AND THAT PLAINTIFF WAS HIRED BY THE MANAGER OF DEFENDANT A. AMERICAN ENTERTAINMENT CORPORATION'S ROCKY RIVER OFFICE, JIM HALLAUBA.
The standard of review for a civil case argument concerning manifest weight of the evidence is provided in Baughman v. Krebs
(December 10, 1998), Cuyahoga App. No. 73832, unreported, 1998 WL 855610, at 3:
 It is well established that where an appellant challenges a trial court's judgment in a civil action as being against the manifest weight of the evidence, the function of the appellate court is limited to an examination of the record to determine if there is any competent, credible evidence to support the underlying judgment. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273; Chandler and Assoc., Inc. v. America's Healthcare Alliance, Inc. (Oct. 30, 1997), Cuyahoga App. Nos. 71325, 71832, unreported. If competent, credible evidence is present, a reviewing court will not reverse the trial court's judgment. Fijalkovich v. W. Bishop Co., Inc. (Sept 18, 1997), Cuyahoga App. No. 71725, unreported.
The findings of fact determined that McGannon was "hired" by appellant, through Manager Hallauba, to provide nude exotic dancing for appellant's customers. Given the scant record available to this court and the language of the appellant's services contract with McGannon which committed McGannon to dance for customer bookings arranged by appellant, we conclude that there was some evidence upon which the trial court could determine that McGannon was hired by Manager Hallauba to provide dancing services for a fee on assignments booked by appellant.
The first assignment of error is overruled.
II
 THE TRIAL COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN ADOPTING THE REPORT OF THE MAGISTRATE FINDING OF FACT (2) THAT PLAINTIFF WAS TO BE PAID $43.00 FOR EACH DANCING SESSION.
The terms of the agency agreement provide that appellant was to be paid 66 and 2/3 percent of the "Transaction Charge" and that the average Transaction Charge was $120. Thus, appellant was due $79.992 (.6666 x $120 = $79.992) of each average Transaction Charge and the model was due, at most, the remaining $40.008 (.3333 x $120 = $39.996) of each average Transaction Charge. Twenty-seven sessions multiplied by $39.996 equals damages totaling $1,079.892, not $1,161 as determined by the trial court. Accordingly, the damage award is modified to reflect compensatory damages in the amount of $1,079.89.
The second assignment of error is affirmed as modified.
III
 THE TRIAL COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN ADOPTING THE REPORT OF THE MAGISTRATE FINDING OF FACT (3) THAT DEFENDANT A. AMERICAN ENTERTAINMENT CORPORATION WAS PAID $120.00 PER SESSION BY ITS CUSTOMERS.
In the third finding of fact, the magistrate stated that McGannon testified that she performed 27 sessions and appellant was paid $120 per session. Given the paucity of the record on appeal and no verbatim transcript of the magistrate's hearing which would shed light on how the weekly account statements and charges were explained or utilized at the hearing, we conclude that McGannon testimony and the language of the agency agreement which details the average Transaction Charge as $120 supported the judgment of the trial court.
The third assignment of error is overruled.
IV
 THE TRIAL COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN ADOPTING THE REPORT OF THE MAGISTRATE CONCLUSION OF LAW (1) THAT PLAINTIFF AND DEFENDANT A. AMERICAN ENTERTAINMENT CORPORATION ENTERED INTO AN EMPLOYMENT CONTRACT THAT DEFENDANT A. AMERICAN ENTERTAINMENT CORPORATION BREACHED.
Appellant argues semantics. The services agreement obligated McGannon to dance up to fifty hours per week for customers arranged through appellant, performing services marketed by appellant, and for her to pay appellant a large portion of the receipts gathered by her from the customer.
The fourth assignment of error is overruled.
V
 THE TRIAL COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN ADOPTING THE REPORT OF THE MAGISTRATE CONCLUSION OF LAW (2) AND (4) THAT DEFENDANT A. AMERICAN ENTERTAINMENT CORPORATION DID NOT APPEAR AT TRIAL AND THAT A DEFAULT JUDGMENT IS ENTERED ON BEHALF OF PLAINTIFF IN THE AMOUNT OF $1,161.00 AND COSTS AND 10% INTEREST FROM DATE OF JUDGMENT.
The record supports the trial court's determination that appellant failed to make an appearance prior to the hearing. As to awarding interest, it does not matter that the Complaint did not request interest because interest on a judgment is provided by statute at the rate of 10%. See R.C. 1343.03.
The fifth assignment of error is overruled.
VI
 THE TRIAL COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN ADOPTING THE REPORT OF THE MAGISTRATE CONCLUSION OF LAW (5) THAT DEFENDANT A. AMERICAN ENTERTAINMENT CORPORATION FAXED A MOTION TO DISMISS AFTER JUDGMENT WAS RENDERED.
The record on appeal supports the trial court's determination that the Motion to Dismiss was received by the trial court via facsimile transmission at 11:51 a.m., more than one-half an hour after the hearing commenced, and, according to the magistrate, after the hearing had concluded and the magistrate had rendered her judgment on the matter.
The sixth assignment of error is overruled.
VII
 THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT VENUE WAS PROPER IN THE ROCKY RIVER SMALL CLAIMS COURT.
Improper venue can be raised in a responsive pleading or by motion prior to the filing of the responsive pleading. See Civ.R. 12 (B) (3). Failure to raise the defense of improper venue in a responsive pleading or an amendment to the responsive pleading, or by motion prior to the filing of the pleading waives the defense. See Civ.R. 12 (H)(1); Nicholson v. Landis
(27 Ohio App.3d 107. Appellant, relying on Article X of the agency agreement, raised the argument of improper venue in its Motion to Dismiss filed via facsimile transmission on August 24, 1998, after the magistrate had heard and decided the merits of the Complaint.
The defense of improper venue is waived in the case sub judice
because it was not presented in a timely manner. The record fails to establish that the defense was presented by appellant prior to the magistrate's trial of the Complaint, let alone in a responsive pleading, an amendment to a responsive pleading, or in a motion made prior to a responsive pleading.
The seventh assignment of error is overruled.
Judgment affirmed as modified to reflect compensatory damages in the amount of $1,079.89.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ___________________________________ JAMES D. SWEENEY, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 25 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E), unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A) (1).
[1] Appellee has not filed an appellate brief.
[2] Under Article I, the "Transaction Charge" is the amount charged to the customer for the services of the model, excluding tips. Under Article IV, the average "Transaction Charge" for purposes of liquidated damages is $120.
[3] In its final order, the trial court found in favor of co-defendant Hallauba, the Manager of appellant's Rocky River, Ohio office.
[4] A verbatim transcript of the proceedings at the hearing is not in the appellate record.
[5] Although appellant argues that he telephoned the court prior to the time of the hearing and advised "Audrey" that a Motion to Dismiss was being faxed to the court to arrive prior to the commencement of the scheduled hearing, there is no authenticated evidentiary support, affidavit or otherwise, for this allegation.
[6] Under this agreement with DGT, McGannon was to give all customer receipts to DGT who was authorized by McGannon to pay appellant amounts due appellant from McGannon under the booking agreement for fees, commissions and charges. If there was a balance remaining, that amount was then to be returned to McGannon on a weekly basis. For this financial management service, DOT charged McGannon a fee of 5% of McGannon's gross sales and a fee of 20% of all tips. DOT's fee was taken out of the weekly return before disbursement of any balance to the model.
[7] All of these penalty charges were incurred no later than April 13, 1998, approximately six weeks prior to the June, 1998, booking agreement at issue.