This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Alternatives Unlimited, Inc., appeals from the judgment of the Akron Municipal Court. We affirm.
Appellee, Mary Gould, was a teacher employed by Appellant. Appellee alleged that she used personal funds to cover employment expenses, and that Appellant authorized these expenditures and guaranteed reimbursement. Appellant never reimbursed Appellee and therefore, on August 23, 2000, Appellee filed a complaint against Appellant seeking reimbursement. The trial court returned a judgment in favor of Appellee. Appellant timely appealed asserting one assignment of error.
 ASSIGNMENT OF ERROR The trial court erred when it failed to transfer the case to the proper venue.
In its assignment of error, Appellant avers that it properly challenged venue in its answer, and as a result, the trial court erred by failing to transfer the case. We disagree.
A party challenging venue must raise the defense in a responsive pleading or by motion prior to filing the responsive pleading. See Civ.R. 12(B)(3). Failing to raise the defense of improper venue in a responsive pleading or by a motion prior to filing the responsive pleading waives the defense. See Civ.R. 12(H)(1). See, also, Nicholson v. Landis (1985),27 Ohio App.3d 107, 109.
In this case, the challenge to venue was waived because it was not raised in the trial court pursuant to the proper avenues. The record clearly indicates that Appellant failed to assert this defense in its answer or by a motion made prior to its answer. Appellant's answer asserted the following defenses: (1) failure to state a claim upon which relief can be granted; (2) Akron Municipal Court lacks jurisdiction to hear this matter; and (3) Appellee incorrectly identified Appellant. Appellant did not assert improper venue as a defense in its answer. Consequently, the trial court did not err in failing to transfer this case.
Accordingly, Appellant's assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________ LYNN C. SLABY
BATCHELDER, P.J., WHITMORE, J. CONCUR.