OPINION
This is a timely appeal from a decision of the Belmont County Court of Common Pleas dismissing Kenneth Jay Wilson's ("Appellant") complaint against Charles Brown ("Appellee") for lack of venue. For the reasons that follow, this Court must reverse the decision of the trial court.
On March 29, 2001, Appellant, an inmate at Marion Correctional Institution in Marion, Ohio, filed a pro se complaint in the Belmont County Court of Common Pleas. Along with the complaint, Appellant filed a motion for leave to proceed in forma pauperis and an affidavit of indigency. Appellant complained that on or about March 14, 2001, Appellee attempted to physically assault him while Appellant was on his way to the shower. Appellant also claimed that on March 23, 2001, Appellee sexually harassed him. The incidents allegedly occurred while the parties were residents of Marion Correctional Institution.
Sometime after the incident, but before Appellant filed his complaint, Appellee was transferred to Belmont Correctional Institution in St. Clairsville, Ohio. The pro se complaint is plainly addressed to Appellee, followed by his prison identification number, the prison and its general location (Complaint, March 29, 2001, p. 1). Appellee never filed an answer. In fact, it cannot be determined from the record before us whether Appellee was ever served.
On June 19, 2001, the trial court entered an order stating as follows:
"Neither party being domiciled in Belmont County, and the alleged tort having occurred outside Belmont County, the actions (sic) is improperly filed in the Belmont County Court of Common Pleas and is dismissed." (Journal Entry June 19, 2001).
Appellant filed a notice of appeal from that decision on July 10, 2001.
In the instant appeal, Appellant claims as follows:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN DECIDING THAT THE INSTANT CASE WAS NOT PROPERLY VENUED."
According to Appellant, under Civ.R. 3(B)(1), this matter was properly heard in Belmont County because Appellee resides in the Belmont Correctional Institution in St. Clairsville, Ohio, a municipality in Belmont County.
Since Appellee neglected to file a brief in this matter, under App.R. 18(C), this Court may accept Appellant's statement of facts and issues as correct and reverse the matter if Appellant's brief reasonably appears to support reversal. Burton Nobil Co. v. Acme Steak Co., Inc. (1996),115 Ohio App.3d 159.
It appears that the trial court's dismissal of Appellant's pro se
complaint was erroneous for two reasons. First, venue was not improper. Second, even if venue was improper, a trial court may not sua sponte
dismiss a matter on venue grounds.
Proper venue for the commencement of an action is dictated by Civ.R. 3(B) which sets forth the circumstances under which venue will lie. Civ.R. 3(B)(1) provides that venue is proper in the county where the defendant resides. Although the incident in this case occurred in Marion, Ohio, well outside of Belmont County, Appellant's complaint plainly states that Appellee, as the named defendant in the cause of action, is residing in the Belmont Correctional Institution located in St. Clairsville, Ohio. Since St. Clairsville is located within Belmont County, Appellant's complaint was properly filed there.
Even if Appellant had filed his complaint in the wrong venue, as the trial court concluded, a decision to sua sponte dismiss the case for improper venue is still erroneous.
Venue signifies the geographic division either by county or district of where a case should be tried. Motorists Mutual Insurance Co. v. Otto (May 20, 1994), Portage App. No. 93-P-0028, unreported. Because it is a procedural matter primarily concerned with choosing a convenient forum, venue raises no jurisdictional implications. As this Court noted inMcAllen v. American States Ins. (Oct. 10, 2000), Mahoning App. No. 99 CA 159, unreported, "Venue provisions come into play only after jurisdiction has been established and concern the place where judicial authority may be exercised; rather than relating to the power of a court, venue relates to the convenience of litigants and as such is subject to their disposition." Id. at p. 3; citing Neirbo Co. v. Bethlehem ShipbuildingCorp. (1939), 308 U.S. 165, 168. Thus, when a defendant fails to assert an objection to venue at the earliest possible moment, he waives such objection. Nicholson v. Landis (1985), 27 Ohio App.3d 107, 109.
In the event that venue appears to be improper, Civ.R. 3(D) requires the trial court to stay the action to ascertain the location of a proper forum to hear the case, or to determine whether the parties waive their venue objections. Barrett v. Picker International, Inc. (1990),68 Ohio App.3d 820, 827. Dismissal, either with or without prejudice, is not an option under Civ.R. 3. Durse v. Mossie (March 16, 2000), Columbiana App. No. 98 CO 12, unreported; citing, Romanchik v. Lucak
(1988), 44 Ohio App.3d 215.
In determining that this matter is properly reversed and remanded to the trial court, this Court is mindful that Appellant faces a difficult if not insurmountable challenge prevailing on the merits in his complaint. Nevertheless, because dismissal here on venue grounds was improper, this Court is compelled to reverse and remand this matter for further proceedings according to law and consistent with this Court's Opinion.
Vukovich, P.J., and DeGenaro, J., concurs.