DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a judgment granting appellee Angela M. Byard's motion to enforce a settlement agreement. For the reasons that follow, we reverse that judgment.
 {¶ 2} This admitted liability case arises from an accident that occurred in November 2003, when appellee, Angela Byard, drove her car into the path of, and subsequently collided with, an oncoming motorcycle ridden by appellant, John Porath. At the time of the accident, both Porath and Byard had coverage under motor vehicle insurance policies issued by American Family Insurance Company.
 {¶ 3} On May 19, 2004, Porath filed a complaint seeking damages for injuries allegedly sustained as a result of the accident. The first count in the complaint asserted a claim against Byard for negligence. The second and third counts asserted claims against co-defendants Timothy Anderson, as an agent for American Family Insurance Company, and the American Family Insurance Company. Those counts alleged that Anderson and American Family breached duties to Porath in failing to provide competent and adequate information and advice concerning his application for insurance coverage.
 {¶ 4} Porath elected to file the complaint in Lucas County, despite the fact that: 1) the accident occurred in Williams County; 2) Porath, Byard, and Anderson are all Williams County residents; and 3) the application for insurance coverage was executed in Williams County.[1] In answering the complaint, both Byard and co-defendants Anderson and American Family asserted improper venue as an affirmative defense.
 {¶ 5} In February 2004, American Family offered to pay the policy limits to Porath in exchange for a full release of Byard's liability. Porath promptly accepted American Family's offer of payment of the policy limits, but refused to release Byard from further liability.
 {¶ 6} In a letter dated July 21, 2004, counsel for Porath transmitted to counsel for Byard the settlement demand that is at the heart of this appeal. By this letter, Porath offered to release Byard from further liability and to dismiss her from the action with prejudice in exchange for the following: 1) payment of the liability policy limits; and 2) the filing of an amended answer that did not challenge venue or otherwise assert improper venue as an affirmative defense. The letter further provided that the offer would remain open only until such time as a motion challenging the venue of the action in Lucas County was filed on behalf of any party.
 {¶ 7} On September 1, 2004, Porath received two letters relevant to the present dispute. The first letter, from Michael J. Manahan, counsel for Anderson and American Family, enclosed a motion to change venue that he had purportedly filed in the case. The second letter, from Peter C. Munger, Byard's present counsel, extended a "settlement offer in the amount of the policy limit, $12,500.00[,] in exchange for a full Release of any and all claims against [Byard]."
 {¶ 8} On September 3, 2004, Anderson and American Family filed a motion to transfer venue to Williams County. The Lucas County judge granted the motion, and on September 19, 2004, the case was transferred to Williams County.
 {¶ 9} On August 3, 2005, Porath voluntarily dismissed all claims against Anderson and American Family.
 {¶ 10} On September 28, 2005, Byard filed her motion to enforce settlement. Porath opposed the motion. Following a hearing on the matter, the Williams County Court of Common Pleas issued a judgment entry granting Byard's motion to enforce settlement. Noting that Byard was not the party who moved to transfer venue in the case, the court specifically found that Porath's allegations regarding venue were not a material condition of the settlement.
 {¶ 11} Porath timely appealed the trial court's judgment entry, raising the following sole assignment of error:
 {¶ 12} "THE TRIAL COURT ERRONEOUSLY GRANTED DEFENDANT'S MOTION TO ENFORCE A SETTLEMENT AGREEMENT THAT DID NOT EXIST."
 {¶ 13} Porath essentially argues that the trial court erred in enforcing the settlement, because agreement on the matter was never reached. According to Porath, his two-part demand required, but was not answered with, timely acceptance of: 1) the financial proposal; and 2) the proposal that Byard file an amended answer that did not challenge venue or otherwise assert improper venue as an affirmative defense. Byard disputes this assertion, arguing that the aspect of the demand that addresses venue was illegal and, as such, was properly severed from the agreement.
 {¶ 14} A settlement agreement is a type of contract. Blackv. Pheils, 6th Dist. No. WD-03-045, 2004-Ohio-4270, at ¶ 48, citing Noroski v. Fallet (1982), 2 Ohio St.3d 77, 79. In order for a valid contract to exist, there must be a meeting of the minds of the parties as to the essential terms of the contract, and there must be an offer on one side and an acceptance on the other. Id.
 {¶ 15} Here, the terms of Porath's offer are very clear. In exchange for his release of Byard from further liability in the action, he required not just acceptance of the terms regarding payment of the insurance policy limits, but also acceptance of the terms regarding the filing of an amended answer. Porath additionally imposed a deadline for acceptance, requiring that acceptance be made before the filing by any party of a motion challenging the Lucas County venue.
 {¶ 16} The record in this case clearly reveals that Byard did not accept Porath's financial demand before the indicated deadline, and never accepted the venue portion of the demand. Thus, acceptance was never made in this case.
 {¶ 17} Arguing against this conclusion, Byard states that the undisputed fact that proper venue did not lie in Lucas County rendered the venue aspect of Porath's demand illegal, nonessential, and, as a result, severable from the rest of the demand. We disagree.
 {¶ 18} Although there is no question that this action was not properly venued in Lucas County, see Civ.R. 3(B), such does not make Porath's demand for an amended answer illegal. As stated by Porath, improper venue is a waivable defense.[2] See, e.g.,Nicholson v. Landis (1985), 27 Ohio App.3d 107, 108; see also, Civ.R. 12(H)(1).
 {¶ 19} That Porath considered the venue aspect of his demand to be essential to the terms of the agreement is clearly evidenced by the record — both in the express terms of the July 21, 2004 letter issuing the demand, and by Porath's express and continuous rejections of offers only to pay the policy limits. Thus, there was no meeting of the minds with respect to settling the matter for payment of the policy limits alone. Accordingly, we find Porath's assignment of error is well-taken.
 {¶ 20} The judgment of the Williams County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision. Appellee, Angela M. Byard, is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Skow, J. Parish, J. concur.
[1] American Family Insurance of Ohio has its principal place of business in Columbus, Franklin County, Ohio.
[2] We note that by the time Porath issued his demand, not just Byard, but each of the originally-named defendants had asserted the defense of improper venue. That none had actually waived this admittedly waivable defense gives rise to the question of what Porath was attempting to achieve by obtaining Byard's agreement to the venue aspect of his demand. The answer appears to lie in a statement to the court by Porath's counsel during the December 8, 2005 hearing. That is, "Venue is and always has been a waivable defense and if in fact a waiver had been made of the venuedefense by one of the defendants in the action as it was filed atthat time then venue would have been proper in Lucas County." (Emphasis added.)
The error in this argument becomes clear upon a careful reading of Civ.R. 3(E), which relevantly provides: "In any action, brought by one or more plaintiffs against one or more defendants involving one or more claims for relief, the forum shall be deemed a proper forum, and venue in the forum shall be proper, if the venue is proper as to any one party other than a nominal party, or as to any one claim for relief." Thus, Civ.R. 3(E) basically stands for the proposition that if venue is proper as to one defendant, it is proper as to all defendants. But waiver of the defense of improper venue does not render otherwise improper venue proper, it merely renders the issue waived.
The criteria for proper venue are set forth at Civ.R. 3(B). It is uncontroverted that not one of those criteria supports the notion that Porath's action is properly venued in Lucas County. Accordingly, it appears to us that, although the venue aspect of Porath's demand was certainly not illegal, success in obtaining a settlement agreement in conformity with Porath's demands would not have resulted in the apparently desired end of keeping the matter in Lucas County.