TURNER, Appellant,

v.

ALEXANDER et al., Appellees.

[Cite as *Turner v. Alexander* (1995), 107 Ohio App.3d 853.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE06–678.

Decided Dec. 21, 1995.

*Harry C. Turner III, pro se.*

*Betty D. Montgomery,* Attorney General, and *Tamara S. Little,* Assistant Attorney General, for appellees.

STRAUSBAUGH, Judge.

Plaintiff-appellant, Harry C. Turner III, appearing *pro se,* appeals from a judgment of the Franklin County Court of Common Pleas dismissing his claims against defendants-appellees, Major General Richard C. Alexander, Ohio Adjutant General, and Major General Robert D. Haas, Commander Ohio Military Reserve, for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1).

On December 10, 1992, plaintiff was honorably discharged from the United States Marine Corps, having attained the rank of sergeant. On March 1, 1993, plaintiff wrote the governor of Ohio seeking an appointment as a commissioned officer in the Ohio National Guard. The governor's office forwarded plaintiff's request to the office of the Ohio adjutant general. On April 20, 1993, General Alexander wrote plaintiff, explaining that because plaintiff had attained the age of thirty-three, he was no longer eligible for an initial appointment as a commis-

sioned officer in the National Guard. Defendants allege that General Alexander based this determination on National Guard Regulation ("NGR") 600–100 section 2–5(2)(a) (Nov. 15, 1985). As an alternative to service in the National Guard, General Alexander suggested that plaintiff consider seeking an appointment as an officer in the Ohio Military Reserve, which is not subject to the federal age restrictions.[1] On November 1, 1993, plaintiff was appointed a first lieutenant in the military reserve.

On April 18, 1994, plaintiff filed a complaint in the Franklin County Court of Common Pleas naming the state of Ohio, the Governor of the state of Ohio, George Voinovich, General Alexander, and General Haas as defendants, and raising several state law claims, as well as a federal claim under Section 1983, Title 42, U.S.Code, for age discrimination. Plaintiff amended his complaint on May 5, 1994, and again on May 9, 1994. All subsequent requests to amend were denied.

On May 9, 1994, plaintiff moved for default judgment pursuant to Civ.R. 55. On June 10, 1994, defendants, for the first time, filed an answer. Plaintiff moved to strike defendants' answer as untimely on June 14, 1994. On June 27, 1994, plaintiff moved for an evidentiary hearing on his motion for default judgment. On June 29, 1994, the trial court denied plaintiff's motion for default judgment without a hearing, concluding that defendants had answered within the time required by the Ohio Rules of Civil Procedure. On July 12, 1994, plaintiff voluntarily dismissed his claims against the state of Ohio and the Governor.

On April 5, 1995, defendants filed a motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1). On May 5, 1995, the trial court entered judgment dismissing plaintiff's complaint on the grounds that the court of claims had exclusive subject-matter jurisdiction over all of plaintiff's claims. Plaintiff appeals therefrom, assigning the following errors:

"First Assignment of Error. The trial court erred in granting defendants-appellees' motion to dismiss.

"Second Assignment of Error. It was an abuse of discretion for the trial court to allow the defendants to answer the Am.Compl. outside of rule date.

"Third Assignment of Error. The trial court erred in finding plaintiff-appellant's motion for default judgment not well-taken and moot."

---

1. The military reserve, the National Guard, and the Ohio Naval Militia make up Ohio's "organized militia." See R.C. 5923.01. However, because the military reserve, unlike the National Guard, is not federally funded or subject to federalization, it is not obliged to comply with federal military regulation such as NGR 600–100.

■ Plaintiff's first assignment of error challenges the trial court's dismissal of his complaint for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1). In reviewing a dismissal pursuant to Civ.R. 12(B)(1), the standard is whether the plaintiff has alleged any cause of action cognizable by the forum. *Avco Fin. Serv. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 67, 520 N.E.2d 1378, 1380.

In his amended complaint of May 9, 1994, plaintiff raised six claims; five state law claims and one federal 1983 claim. We will address the propriety of the trial court's dismissal of plaintiff's state claims separately from its dismissal of his 1983 claim.

■ In his five state law claims, plaintiff seeks injunctive and monetary relief from Major Generals Alexander and Haas. Both of these individuals are "officers or employees" of the state as defined in R.C. 109.36(A): " 'Officer or employee' means any person who, at the time a cause of action against him arises, is serving in an elected or appointed office or position of the state." Pursuant to R.C. 2743.02(F), the court of common pleas is totally without subject-matter jurisdiction over actions against "officers or employees" of the state until the Court of Claims has determined whether the state officers or employees are personally immune under R.C. 9.86. *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 287–288, 595 N.E.2d 862, 865–866. Thus, the court of common pleas properly dismissed plaintiff's five state law claims for lack of subject-matter jurisdiction.

■ Turning to plaintiff's federal 1983 claim, the trial court also dismissed plaintiff's 1983 claim on the grounds that the Court of Claims had exclusive subject-matter jurisdiction. However, R.C. 2743.02 and 9.86 do not apply to claims brought under federal law. *Conley, supra,* 64 Ohio St.3d at 292, 595 N.E.2d at 869. "Moreover, the United States Supreme Court has concluded that ' " ' "[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 * * * cannot be immunized by state law," ' " ' ' " "even though the federal cause of action [was] being asserted in the state courts.' " ' " *Id.* at 292–293, 595 N.E.2d at 869, quoting *Howlett v. Rose* (1990), 496 U.S. 356, 376, 110 S.Ct. 2430, 2443, 110 L.Ed.2d 332, 353, quoting *Martinez v. California* (1980), 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481, 488–489, and at fn. 8. Finally, it is well settled that the courts of common pleas have jurisdiction to hear claims brought under Section 1983 against state officers or employees in their official capacities. *Schwarz v. Bd. of Trustees of Ohio State Univ.* (1987), 31 Ohio St.3d 267, 31 OBR 493, 510 N.E.2d 808, at paragraph two of the syllabus.

Defendants argue, however, that the trial court properly dismissed plaintiff's 1983 claim because plaintiff has failed to "present sufficient facts to support a claim pursuant to 42 U.S.C. Section 1983." In essence, defendants assert that

the trial court properly dismissed plaintiff's 1983 claim for "failure to state a claim upon which relief can be granted." This argument should have been raised by defendants in the trial court pursuant to Civ.R. 12(B)(6), as an additional ground for dismissal. However, defendants raised only lack of subject-matter jurisdiction under Civ.R. 12(B)(1) in their motion to dismiss. Therefore, the question of whether plaintiff has stated a claim upon which relief can be granted is not properly before us at this time.

The trial court erred in dismissing plaintiff's 1983 claim for lack of subject-matter jurisdiction. Plaintiff's first assignment of error is sustained in part and overruled in part.

In light of our conclusion that the trial court was without subject-matter jurisdiction to hear plaintiff's state law claims, the balance of our discussion pertains only to plaintiff's 1983 claim.

In his second assignment of error, plaintiff argues that the trial court abused its discretion in permitting defendants to file their answer beyond the time prescribed by Civ.R. 12(A)(1). Defendants concede that they filed their answer late without leave of court, but argue that it was within the trial court's discretion to accept their answer when filed.

Civ.R. 6(B) provides in relevant part as follows:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *."

Pursuant to Civ.R. 6(B)(2), after the period for filing an answer prescribed in Civ.R. 12(A)(1) has expired, an answer may be filed only upon motion for leave and a showing of excusable neglect. *Miller v. Lint* (1980), 62 Ohio St.2d 209, 214, 16 O.O.3d 244, 247, 404 N.E.2d 752, 755; *McDonald v. Berry* (1992), 84 Ohio App.3d 6, 9, 616 N.E.2d 248, 250.

Here, defendants neither moved for leave to file their answer nor made any showing of excusable neglect. As a result, the trial court abused its discretion when it permitted defendants to file their answer, and when it failed to grant plaintiff's motion to strike defendants' answer. On remand, this conclusion does not prevent the trial court from allowing defendants to file an answer in compliance with Civ.R. 6(B)(2).

Plaintiff's second assignment of error is sustained.

Plaintiff's third assignment of error challenges the trial court's denial of his motion for default judgment.

"Under Civ.R. 55(D), a default judgment may be entered against the state only if the 'claimant establishes his claim or right to relief by evidence satisfactory to the court.' * * * Therefore, a default judgment against the state is not absolutely prohibited, but the court must look beyond the simple admissions resulting from a failure to serve a responsive pleading." *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 112, 637 N.E.2d 325, 326.

Here, the trial court denied plaintiff's motion for default judgment based on the erroneous conclusion that defendants had timely filed their answer. As noted above, it is clear that defendants' answer was filed out of rule and should have been stricken. Therefore, we must conclude that the trial court erred in denying plaintiff's motion for default judgment, as it did. Further, defendant having failed to properly answer, plaintiff was entitled to have his motion for default judgment considered on the merits, which would include, if necessary, the opportunity to present evidence in support of his 1983 claim at a hearing. We note however, that our conclusion in this regard will be a moot point if, on remand, defendants succeed in obtaining leave to file their answer pursuant to Civ.R. 6(B)(2).

Plaintiff's third assignment of error is sustained.

In a final matter, plaintiff has filed an objection in this court to defendants' attachment of NGR 600–100 (Nov. 15, 1985) to their brief. Specifically, plaintiff argues that NGR 600–100 (Nov. 15, 1985) is not properly before us. Because NGR 600–100 (Nov. 15, 1985) was not relevant to the determination of plaintiff's appeal, we decline to address this issue. Plaintiff's objection is overruled.

Plaintiff's first assignment of error having been sustained in part and overruled in part, and plaintiff's second and third assignments of error having been sustained, the judgment of the trial court is affirmed in part and reversed in part and this matter is remanded for further proceedings in accordance herewith.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

PETREE and LAZARUS, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.