[Cite as *Rose v. Cochran*, 2013-Ohio-3755.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

J.R. ROSE

       Plaintiff-Appellant

v.

WAYNE COCHRAN

       Defendant-Appellee


Appellate Case No.    25498

Trial Court Case No.   2012-CV-6391

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of August, 2013.

. . . . . . . . . . .

J.R. ROSE, Inmate No. A577781, P.O. Box 5500, Chillicothe, Ohio 45601
     Plaintiff-Appellant-*pro se*

MICHAEL W. SANDNER, Atty. Reg. No. 0064107, 2700 Kettering Tower, Dayton, Ohio 45423
     Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-Appellant, J.R. Rose, appeals pro se from a trial court decision dismissing his complaint, and from an order transferring venue from Ross County to Montgomery County. Rose argues his case was improperly transferred to Montgomery County because Defendant-Appellee, Wayne Cochran, waived the issue of improper venue by failing to timely raise it as required by Civ.R. 12(G). Cochran contends that we lack jurisdiction to review whether the venue transfer was an abuse of discretion, because the transfer was ordered by the Ross County Court of Common Pleas, which is outside our territorial jurisdiction.

{¶ 2} We conclude that this district is the proper forum for reviewing whether the decision to transfer venue to Montgomery County was an abuse of discretion. As the transferee trial court, Montgomery County obtained complete jurisdiction over the matter when the case was transferred, and the appellate district of the transferee trial court is the proper forum for reviewing issues related to venue transfer on appeal. We also conclude that the trial court in Ross County abused its discretion when it granted the venue transfer, because the transfer was not authorized under Civ.R. 12(G), 12(H), and Civ.R. 3(C)(1).

{¶ 3} Rose also argues that the trial court abused its discretion by not providing the remedy of Blue Sky Laws, allowing unjust enrichment, and allowing "unabated fraud." He further contends that the trial court "erred in dismissal of liability statute."

{¶ 4} We conclude that these arguments are not reviewable on appeal, because the arguments were either not raised before the trial court, or they fail to identify in the record the errors on which the assignments of error are based. Rose's arguments also do not set forth clear contentions or supportive reasoning. Under App.R. 12(A)(2) and 16(A)(7) we may disregard

such arguments.

{¶ 5}    Rose did not specifically set forth an argument relating to the trial court's dismissal of his case; however, we sua sponte notice that the dismissal was plain error. The trial court based the dismissal on a moot motion for reconsideration and a motion to dismiss that had been previously reversed by the Fourth District Court of Appeals.  The trial court's error terminated Rose's case and created a manifest miscarriage of justice.  Accordingly, we will reverse and remand the trial court's decision for further proceedings.

## I.    Facts and Course of Proceedings

{¶ 6}    In April 2008, Appellant, J.R. Rose, was convicted and sentenced to 20 years in prison by the Butler County Court of Common Pleas, for the sale of unregistered securities, perjury, and forgery.   Rose was an insurance agent in Ohio who fraudulently purchased annuities for his clients with forged signatures.  As a result of his illegal acts, Rose's clients suffered financial loss.  Appellee, Wayne Cochran, was one of Rose's clients.

{¶ 7}    After Rose was convicted, Cochran wrote a letter to National Western Life Insurance Company (National) regarding Rose.  Rose had fraudulently purchased an annuity from National using Cochran's funds.  Cochran wrote National to inform it of Rose's illegal acts, and, given the circumstances, to request that National terminate his account without any fees or penalties.

{¶ 8}    As a result of Cochran having sent the letter to National, Rose filed a pro se complaint against Cochran in the Ross County Court of Common Pleas on January 26, 2011. Rose alleged in the complaint that Cochran had committed insurance fraud, libel and slander, and

fraud, and that he had received unjust enrichment. On February 28, 2011, Cochran filed a timely Civ.R.12(B)(6) motion to dismiss alleging that the complaint failed to state a claim upon which relief could be granted. Cochran's motion did not allege any other affirmative defenses. The motion included nine exhibits, which contained evidence not in the complaint.

{¶ 9} In April 2011, the Ross County Court of Common Pleas granted Cochran's motion to dismiss. The trial court stated the following in its judgment entry:

> The court has had the opportunity to review the file, the pleadings, as well as the motions made in this matter, and any responses to said motions. Once again, the court parenthetically notes that pursuant to Civil Rule 12(D)(4) [sic] venue does not appear to be proper in Ross County. However, since no motion has been filed questioning venue, the court will not decide the matter. The court further finds that the defendant's motion to dismiss is well-taken and is therefore granted. Entry (Apr. 7, 2011), Ross County Court of Common Pleas, Docket No. 10, p. 1.

{¶ 10} Thereafter, Rose filed a motion for reconsideration requesting that the trial court reconsider its decision dismissing his complaint. He then appealed from the dismissal to the Fourth District Court of Appeals.

{¶ 11} In April 2012, the Fourth District reversed and remanded the trial court's decision dismissing Rose's complaint. *See Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-Ohio-1729, ¶ 13. The Fourth District reversed the dismissal on grounds that the trial court considered additional evidence, beyond that contained in the complaint, without converting the motion to dismiss to a motion for summary judgment, which is required by Civ.R. 12(B). *Id.*

{¶ 12}   The case was remanded back to the trial court, and on July 16, 2012, Cochran filed an answer to Rose's complaint asserting various affirmative defenses, including improper venue.   Cochran thereafter submitted a motion to transfer venue.   The motion is not shown on the docket, and is only mentioned in the trial court's entry and order dated July 19, 2012.   Regardless, the trial court granted the motion and ordered the case to be transferred to Montgomery County.   The judgment entry granting the venue transfer stated the following:

> This matter came before the court on defendant's motion to transfer venue and plaintiff's reply to defendant's motion for change of venue filed July 27, 2012.   After a review [sic] the file and of the pleadings, the court finds that virtually all of the allegations contained in plaintiff's complaint occurred in Montgomery County.   The court further finds that other than the fact that the plaintiff is incarcerated in a prison in Ross County, he would have no ties to Ross County, and this matter would never have been filed here.   The court therefore finds that this matter is not properly venued in Ross County, Ohio, and as such the court orders that this matter shall be transferred to Montgomery County Common Pleas Court.   Entry (Aug. 29, 2012), Ross County Court of Common Pleas, Docket No. 25, p. 1.

{¶ 13}   On September 5, 2012, the case was transferred to the Montgomery County Court of Common Pleas.   Thereafter, the trial court in Montgomery County issued an order overruling Rose's motion for reconsideration that was filed on April 18, 2011, and dismissed the case.

{¶ 14}   Rose appeals from the transfer of this case to Montgomery County, and from the dismissal of his case.

## II.   The Trial Court Improperly Granted Appellee's

## Motion to Transfer Venue.

{¶ 15}   Rose's First Assignment of Error is as follows:

Whether the Trial Court Abused its Discretion in Accepting Change of

Venue.

{¶ 16}   Under this assignment of error, Rose argues that the trial court abused its discretion when it accepted the change of venue, because the defense of improper venue was not timely raised in accordance with Civ.R. 12(G) and has been waived under Civ.R. 12(H).   While Rose assigns error to the Montgomery County Court of Common Pleas for accepting the venue transfer, the basis of his argument is that the transfer was improper and was not authorized under the civil rules.   In response, Cochran argues that this court does not have jurisdiction to review whether the venue transfer was improper, because the decision to transfer was rendered by a trial court outside this court's territorial jurisdiction.

{¶ 17}   We will first determine whether this court is permitted to review the decision of the Ross County Court of Common Pleas transferring venue, and if permitted, we will then address whether the decision was improper.

### A.   Appellate Review of Motion for Change of Venue

{¶ 18}   The Supreme Court of Ohio stated in *State ex rel. Starner v. DeHoff*, 18 Ohio St.3d 163, 480 N.E.2d 449 (1985), that once a court transfers a case to another venue in another county, the county to which the case was transferred assumes "complete jurisdiction over the

cause of action." (Citation omitted.) *Id.* at 165.

{¶ 19} The Eighth District Court of Appeals followed this principle in *Davis v. Bernhart*, 8th Dist. Cuyahoga No. 57454, 1990 WL 180654 (Nov. 21, 1990). In *Davis*, the plaintiff filed a complaint in the Cuyahoga County Court of Common Pleas (Cuyahoga), located in Ohio's Eighth Appellate District. *Id*. at *1. The defendant moved to transfer the case to the Belmont County Court of Common Pleas (Belmont), located in Ohio's Seventh Appellate District. *Id*. Cuyahoga granted the transfer to Belmont, and thereafter, Belmont granted summary judgment in favor of the defendant. *Id*. The plaintiff appealed the venue transfer granted by Cuyahoga to the Eight District Court of Appeals. *Id*. The Eight District stated that it lacked jurisdiction to review the venue transfer because "[t]he court to which venue is transferred retains jurisdiction concerning all aspects of the cause of action brought in that court." (Citations omitted.) *Id*. Accordingly, the Seventh District Court of Appeals was the proper court to review the motion. *Id.*

{¶ 20} The Fifth District Court of Appeals came to the same conclusion in *Pasco v. McCoy*, 5th Dist. Stark No. 94-CA-0248, 1995 WL 42389 (Jan. 30, 1995). In *Pasco*, the plaintiff filed a complaint in the Common Pleas Court of Stark County (Stark), located in Ohio's Fifth Appellate District. *Id*. at * 1. The defendant moved to transfer the case to the Ottawa County Court of Common Pleas (Ottawa), located in Ohio's Sixth Appellate District. *Id.* Stark granted the transfer to Ottawa, and thereafter, Ottawa entered a final judgment in favor of the plaintiff. *Id.* The plaintiff appealed the venue transfer granted by Stark to the Fifth District Court of Appeals, and the Fifth District held that the Sixth District Court of Appeals was the proper forum in which to appeal the transfer. *Id*. It based its decision on the following logic:

If this court were to find error in the order transferring venue to Ottawa County, we would be placed in the position of reversing a final order in a court outside our territorial jurisdiction. On the other hand, if the [Sixth District Court of Appeals] were to find error in the transfer of venue it could vacate the final order entered in the Ottawa County Court of Common Pleas and retransfer the matter to Stark County. *Id*.; *Accord Smith v. Inland Paperboard & Packaging, Inc*., 11th Dist. Portage No. 2007-P-0088, 2008-Ohio-6984, ¶ 37.

**{¶ 21}** The foregoing case law indicates that the appellate district of the transferee trial court is the proper forum for reviewing issues related to venue transfer on appeal. In this case, the action originated in the Ross County Court of Common Pleas, which is located in Ohio's Fourth Appellate District. The case was then transferred to the Montgomery County Court of Common Pleas, which is located within the Second Appellate District. Accordingly, this court is the proper forum for determining whether the transfer was an abuse of discretion.

B.   Was the Trial Court's Decision to Grant Appellee's Motion

for Change of Venue an Abuse of Discretion?

**{¶ 22}** Rose contends that the trial court abused its discretion in transferring venue to Montgomery County, because Cochran waived the defense of improper venue by failing to timely assert it as required by Civ.R. 12.

**{¶ 23}** "The trial court's decision to transfer a case to another venue will not be reversed absent an abuse of discretion." *Allin v. Hartzell Propeller, Inc*., 2d Dist. Miami No. 02CA57, 2003-Ohio-2827, ¶ 54, citing *McCoy v. Lather,* 17 Ohio St.3d 37, 476 N.E.2d 1048 (1985). "

'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 24}** "Under Civ.R. 3(C)(1), a transfer of venue is authorized only if the action has been commenced in an improper venue and the defense timely asserts improper venue pursuant to Civ.R. 12." *Crestmont Cleveland Partnership v. Ohio Dept. Of Health*, 10th Dist. Franklin No. 98AP-1272, 1999 WL 694742, * 4 (Sept. 9, 1999).

**{¶ 25}** In this case, the first requirement in Civ.R. 3(C)(1) is satisfied because Ross County is an improper venue. According to Civ.R. 3(B), the county in which the defendant resides should have been chosen over the county of the plaintiff's residence. Rose resides in Ross County and Cochran resides in Montgomery County. The case had no other ties to Ross County; therefore the appropriate venue is Montgomery County.

**{¶ 26}** The second requirement in Civ.R. 3(C)(1) provides that the defense of improper venue must be timely asserted as set forth in Civ.R. 12. Under this rule, a defendant may set forth the affirmative defense of improper venue in a responsive pleading, or he may respond by presenting the defense by way of a pre-answer motion. Civ.R 12(A)(1); Civ.R. 12(B).

**{¶ 27}** Civ.R. 12(G) and 12(H)(1) provide that the defense of improper venue is waived if a pre-answer motion is filed, and the defense of improper venue is not asserted in the motion. *Wilson v. Brown*, 7th Dist. Belmont No. 01-BA-35, 2002-Ohio-2410, ¶ 14, citing *Nicholas v. Landis*, 27 Ohio App.3d 107, 499 N.E.2d 1260 (10th Dist.1985) ("[W]hen a defendant fails to assert an objection to venue at the earliest possible moment, he waives such objection").

**{¶ 28}** Civ.R. 12(G) states:

[i]f a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule."

{¶ 29}  Civ.R. 12(H)(1) states:

 "[a] defense of * * * improper venue * * * is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course."

{¶ 30}   In this case, Cochran opted to file a pre-answer motion in response to Rose's complaint.  Cochran's pre-answer motion was a 12(B)(6) motion to dismiss on grounds that Rose failed to state a claim upon which relief could be granted.  Cochran asserted no other affirmative defenses in his pre-answer motion.  The motion to dismiss was granted by the trial court, but Rose appealed the decision, and it was reversed and remanded by the Fourth District Court of Appeals.  Cochran then decided to file an answer, which asserted the defense of improper venue.  Under the Civil Rules, Cochran's assertion of the defense was untimely, because it was not included in his pre-answer motion.  As a result, the defense of improper venue was waived.

{¶ 31}  Despite Cochran having waived the defense, the Ross County Court of Common Pleas granted Cochran's motion to change venue.  The trial court's decision was in contravention of Civ.R. 3(C)(1).  Accordingly, the trial court's decision was an abuse of

discretion. *See Turner v. Alexander*, 107 Ohio App.3d 853, 858, 669 N.E.2d 565 (10th Dist.1995); (The trial court abused its discretion when it allowed defendants to answer out of time in contravention of the Civil Rules.)

{¶ 32}  Rose's First Assignment of Error is sustained.

### III.  Appellant's Second and Fourth Assignments of Error are Not Properly Before this Court.

{¶ 33}  Rose's Second and Fourth Assignments of Error are as follows:

II.

Whether the Trial Court Abused its Discretion by Not Providing the Remedy of Ohio Blue Sky Laws.

IV.

Whether the Trial Court Erred in Dismissal of Liability by Statute.

{¶ 34}  Under the Second Assignment of Error, Rose argues that Cochran is jointly and severally liable for violating Chapter 1707 of the Ohio Revised Code, also known as the Ohio Blue Sky Laws.  Under the Fourth Assignment of Error, Rose refers to the statute of limitations for oral contracts, and argues that Cochran breached an oral contract with him.  Neither of these claims were alleged in Rose's complaint; therefore they were not raised before the trial court. Arguments that are not raised before the trial court cannot thereafter be raised in the court of appeals.  *State v. Cantrell*, 2d Dist. Montgomery No. C.A. 14997, 1996 WL 391726, * 2 (July 5, 1996), citing *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1960), paragraph one of the syllabus; *State v. Douglas*, 66 Ohio App.3d 788, 790, 586 N.E.2d 1096 (2d Dist. 1989)

("arguments not presented to the trial court cannot be properly before the court of appeals"). (Other citations omitted.)

**{¶ 35}** Rose's Second and Fourth Assignments of Error are Overruled.

## IV.  Appellant Failed to Provide   Meaningful Arguments in Support
## of his Third and Fifth Assignments of Error

**{¶ 36}** Rose's Third and Fifth Assignments of Error are as follows:

III.

Whether the Trial Court Abused Its Discretion in Allowing Unjust Enrichment.

V.

Whether the Trial Court Abused Its Discretion in Allowing Unabated Fraud.

**{¶ 37}** Under the Third and Fifth Assignments of Error,  Rose merely states the legal elements of unjust enrichment and fraud, and discusses how he believes each element is satisfied.  Rose does not identify in the record the errors on which the assignments of error are based, and he fails to set forth clear contentions or supportive reasoning for his assignments of error.

**{¶ 38}** App.R. 12(A)(2) states that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."  App.R. 16(A)(7) directs the appellant to include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error

presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."

App.R. 12(A) allows an appellate court to overrule or disregard an assignment of error because of appellant's lack of briefing on the error. *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error."  (Citation omitted.) *State v. Watson*, 126 Ohio App.3d 316, 321, 710 N.E.2d 340 (12th Dist.1998).

{¶ 39}   Rose's Third and Fifth Assignments of Error are overruled.

### V.   It Was Plain Error for the Trial Court to Dismiss
### the Appellant's Complaint.

{¶ 40}   While we generally confine our review to the assignments of error raised on appeal, it is within our discretion to sua sponte notice plain error.  *See State v. Sneed*, 63 Ohio St.3d 3, 10, 584 N.E.2d 1160 (1992), *see also State v. Pumpelly*, 77 Ohio App.3d 470, 476, 602 N.E.2d 714 (12th Dist.1991).  "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." (Citations omitted.) *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).

{¶ 41}   The present case involves an exceptional circumstance to which the plain error

doctrine may be applied. In April 2011, Rose filed a motion for the court to reconsider the dismissal of his case in Ross County. Shortly thereafter, he also filed an appeal from the dismissal in the Fourth District Court of Appeals. The Fourth District reversed the decision dismissing his case, and as a result, the motion for reconsideration was moot. It appears as though the trial court was not aware of the Fourth District's opinion, because when the case was transferred to Montgomery County, the trial court erroneously ruled on the moot motion for reconsideration and dismissed the case. The trial court should have scheduled dates for trial and/or for filing a motion for summary judgment. It also could have transferred the case back to Ross County, given that Cochran waived the defense of improper venue.

{¶ 42} The foregoing mistake resulted in the termination of Rose's entire case, and therefore, involves a substantial miscarriage of justice. Accordingly, we find that the trial court's ruling on the moot motion and the dismissal of Rose's case was plain error.

## VI. Conclusion

{¶ 43} Having sustained Cochran's First Assignment of Error, and having concluded that it was plain error for the trial court to dismiss the case, we reverse and remand the trial court's decision for proceedings consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

J.R. Rose
Michael W. Sandner
Hon. Michael W. Krumholtz (for Judge Price-Testerman)