[Cite as *Kraft v. Volunteers of Am. Dayton Residential Reentry Program*, 2023-Ohio-3912.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| MARONDA KRAFT et al. | : | |
| Appellants | : | C.A. No. 29802 |
| v. | : | Trial Court Case No. 2022 CV 04690 |
| VOLUNTEERS OF AMERICA DAYTON RESIDENTIAL REENTRY PROGRAM et al. | : | (Civil Appeal from Common Pleas Court) |
| Appellees | : | |

· · · · · · · · · ·

O P I N I O N

Rendered on October 27, 2023

· · · · · · · · · ·

ROBERT L. GRESHAM and MICHAEL L. WRIGHT, Attorneys for Appellants

MARCY VONDERWELL, Attorney for Appellee Heather Davis-Head

V. BRANDON MCGRATH, ALEX E. GUDE, pro hac vice and MEAGHAN K. HALLER, pro hac vice, Attorneys for Appellees Volunteers of America Dayton Residential Reentry Program and Frank Wyatt

· · · · · · · · · · · ·

TUCKER, J.

{¶ 1} Maronda Kraft, as administrator of the estate of Brandon Moneyham, and Juanisha Moneyham appeal from the trial court's entry of judgment against them on

claims for wrongful death and other causes of action against appellees Volunteers of America Dayton Residential Reentry Program, Heather Davis-Head, and Frank Wyatt.

{¶ 2} The appellants contend the trial court erred in dismissing their claims against Davis-Head, a state employee, for lack of subject-matter jurisdiction and based on expiration of the statute of limitations. The appellants also claim the trial court erred in entering judgment on the pleadings in favor of Volunteers of America and Wyatt based on expiration of the statute of limitations.

{¶ 3} We conclude that the trial court properly dismissed the claims against Davis-Head. It lacked subject-matter jurisdiction over those claims absent a determination by the Court of Claims that Davis-Head was not entitled to personal immunity. The trial court also properly entered judgment on the pleadings on the claims against Volunteers of America and Wyatt. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} On October 17, 2022, the appellants filed both a complaint and an amended complaint against Volunteers of America, parole officer Davis-Head, Sentinel Offender Services, LLC, and Frank Wyatt, who was alleged to be an employee of Sentinel.[1] The complaint alleged that Marquan Cook, a felon on post-release control, shot and killed Brandon Moneyham outside of a bar on October 11, 2020. The complaint further alleged that Cook had been supervised by Davis-Head, that he had been a resident of Volunteers of America and subject to a curfew, and that his movements had been monitored by

---

[1] On appeal, the parties agree that Wyatt actually was employed by Volunteers of America, not Sentinel. For present purposes, the identity of Wyatt's actual employer is immaterial.

Sentinel through an ankle bracelet. The complaint alleged that Sentinel employee Wyatt had been responsible for installing the tracking system and monitoring Cook's movements.

{¶ 5} The appellants' 10-count complaint included wrongful-death claims against Volunteers of America and Sentinel (count one), Davis-Head (count two), and Wyatt (count three). It also contained a respondeat-superior claim against Sentinel based on the actions of Wyatt committed within the scope of his employment (count four), a negligence claim against Sentinel (count five), a negligent hiring and retention claim against Sentinel (count six), a negligent-entrustment claim against Volunteers of America (count seven), a negligent/intentional infliction of emotional distress claim against all defendants (count eight), a defective-design claim against Sentinel (count nine), and a loss-of-consortium claim against all defendants (count ten).

{¶ 6} On January 5, 2023, the trial court sustained Davis-Head's motion to dismiss the claims against her under Civ.R. 12(B)(1) and Civ.R. 12(B)(6). Thereafter, on February 9, 2023, the appellants voluntarily dismissed their claims against Sentinel. On April 25, 2023, the trial court sustained a Civ.R. 12(C) motion for judgment on the pleadings filed by Volunteers of America and Wyatt. This appeal followed.

## II. Analysis

{¶ 7} The appellants advance the following assignments of error:

**Assignment of Error 1: The lower court erred in granting Defendant Heather Davis-Head's Motion to Dismiss.**

**Assignment of Error 2: The lower court erred in granting Defendants**

**Frank Wyatt and Volunteers of America Dayton Residential Reentry Program Motion for Judgment on the Pleadings.**

{¶ 8} In their first assignment of error, the appellants recognize that the Court of Claims has exclusive jurisdiction over "immunity questions" involving state employees, including Davis-Head. The appellants nevertheless insist that the trial court possessed "jurisdiction regarding determination of liability pursuant to the underlying causes of action." They cite *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 566 N.E.2d 655 (1991), and assert that the trial court should have stayed the action against Davis-Head pending an immunity determination by the Court of Claims.

{¶ 9} Upon review, we find the appellants' argument to be unpersuasive. With exceptions not applicable here, R.C. 9.86 provides that no state officer or employee "shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." In addition, R.C. 2743.02(F) provides that an action against an officer or employee alleging conduct manifestly outside the scope of the officer's or employee's employment or official responsibilities, or conduct that was with a malicious purpose, in bad faith, or in a wanton or reckless manner "*shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity* under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

(Emphasis added.)

{¶ 10} Under R.C. 9.86 and R.C. 2743.02(F), Davis-Head could not be liable unless she acted outside the scope of her employment or acted maliciously, in bad faith, or in a wanton or reckless manner, and those determinations were required to be made in the Court of Claims, which possessed exclusive, original jurisdiction. *Turner v. Alexander*, 107 Ohio App.3d 853, 857, 669 N.E.2d 565 (10th Dist.1995), citing *Conley v. Shearer*, 64 Ohio St.3d 284, 287-288, 595 N.E.2d 862 (1992) ("Pursuant to R.C. 2743.02(F), the court of common pleas is totally without subject-matter jurisdiction over actions against 'officers or employees' of the state until the Court of Claims has determined whether the state officers or employees are personally immune under R.C. 9.86.").

{¶ 11} The appellants cite *Tschantz* for the proposition that the trial court should have stayed their action against Davis-Head pending an immunity determination in the Court of Claims. In *Tschantz*, however, the Ohio Supreme Court declined to decide whether a trial court may stay an action against a state employee pending resolution of the immunity issue in the Court of Claims. The majority declared the issue moot where the Court of Claims had found no immunity while the appeal was pending.

{¶ 12} In *Johnson v. Ferguson-Ramos*, 10th Dist. Franklin No. 04AP-1180, 2005-Ohio-3280, the Tenth District Court of Appeals opined that a trial court has discretion either to dismiss an action for lack of subject-matter jurisdiction or to stay the action pending an immunity determination in the Court of Claims. *Id.* at ¶ 37. Even if that is true, we see no abuse of discretion in the trial court's dismissal of the appellants' action against

Davis-Head. Assuming that the trial court possessed jurisdiction to stay the action, the appellants' complaint still failed to state a claim against Davis-Head upon which relief could be granted in the absence of a no-immunity finding from the Court of Claims. Therefore, dismissal was proper under Civ.R. 12(B)(6), which was cited in Davis-Head's motion to dismiss. *McCormick v. Miami University*, 693 F.3d 654, 665 (6th Cir.2013), quoting *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir.1989) (" 'Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86. Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities.' ").

{¶ 13} In light of the foregoing analysis, we need not address Davis-Head's alternative arguments about the statute of limitations, qualified immunity, or the absence of a duty of care. The first assignment of error is overruled.

{¶ 14} In their second assignment of error, the appellants challenge the trial court's dismissal of their claims against Volunteers of America and Wyatt based on expiration of the statute of limitations. The appellants contend it was not apparent on the face of the pleadings that R.C. 2305.15(A) did not toll the statute of limitations for periods of time that Wyatt was out of the state. At a minimum, the appellants claim the trial court should have allowed limited discovery to establish whether Wyatt had been out of Ohio during the relevant time.

{¶ 15} In entering judgment on the pleadings in favor of Volunteers of America and

Wyatt, the trial court reasoned:

> In this case, although there are multiple claims for relief listed, the claim stated is one in wrongful death. Mr. Moneyham was shot by Mr. Cook, a parolee under supervision of Defendants. R.C. 2125.02(F) unambiguously provides that "[e]xcept as provided in division (D)(2) of this section, a civil action for wrongful death **shall** be commenced within **two years** after the decedent's death." (emphasis added). Mr. Moneyham died on October 11, 2020 and Plaintiffs filed their complaint on October 17, 2022. Plaintiffs' complaint was filed outside of the two years required for a wrongful death action.
>
> Even if the wrongful death statute did not merge all such claims into a single cause of action, the same statute of limitations problems that bar the wrongful death claim would bar the stand-alone claims for negligence, including negligent entrustment and negligent/intentional infliction of emotional distress. R.C. 2305.10. *See also Thomas v. Progressive Cas. Ins. Co.*, 2011-Ohio-6712, 969 N.Ed.2d 1284 (2d Dist.); *Erickson v. Mtg. & Training Corp.*, 11th Dist. Ashtabula No. 2012-A-0059, 2013-Ohio-3864. Because loss of consortium is a derivative action, it cannot stand alone without the negligence and wrongful death claims. *McCarthy v. Lee*, 10th Dist. Franklin No. 21AP-426, 2022-Ohio-1413.
>
> In response to Defendants' motion, Plaintiff argues that the tolling provision of R.C. 2305.15(A) applies; however, R.C. 2305.15(A) expressly

provides "[w]hen a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in **sections 2305.04 to 2305.14, 1302.98, and 1304.35** of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought." (emphasis added). In this case, the two (2) year wrongful death statute of limitations stated in R.C. 2125.02 is not an enumerated claim contained in R.C. 2305.15(A). Therefore, the tolling provisions of R.C. 2305.15(A) do not apply in this case to make Plaintiff's complaint timely filed within the statute of limitations. *Poffenberger v. Toth*, 9th Dist. Summit C.A. No. 11777, 1984 Ohio App. LEXIS 12261 (Dec. 28, 1984).

Decision, Entry and Order at 4 (Apr.25, 2023).

{¶ 16} On appeal, the appellants reiterate their argument about R.C. 2305.15(A) tolling the statute of limitations when a defendant is out of Ohio. As noted above, they contend it was not apparent on the face of the complaint that Wyatt did not depart from the state during the relevant time. That being so, they contend the trial court should have allowed discovery on the issue before entering judgment against them on the pleadings.

{¶ 17} Notably absent from the appellants' argument is a response to the trial

court's observation that R.C. 2305.15(A) by its own terms only applies to the limitation periods found in R.C. 2305.04 to R.C. 2305.14, R.C. 1302.98, and R.C. 1304.35. Although those provisions identify the statute of limitations for many torts, the two-year statute of limitations for wrongful death is found elsewhere, namely in R.C. 2125.02. Therefore, the trial court correctly held that R.C. 2305.15(A) could not toll the statute of limitations for the appellants' wrongful-death claims even if Wyatt had departed Ohio during the limitations period. *Poffenberger v. Toth*, 9th Dist. Summit No. 11777, 1984 WL 7662, *2 (Dec. 28, 1984) ("R.C. 2305.15, by its terms, applies only to the actions enumerated therein. It has no application to a wrongful death action[.]"); *see also Juergens v. House of LaRose, Inc.*, 8th Dist. Cuyahoga No. 106972, 2019-Ohio-94, ¶ 54; *Garrett v. Gill*, 1st Dist. Hamilton No. C-100624, 2011-Ohio-3449, ¶ 18.

{¶ 18} Here the appellants filed their initial complaint and amended complaint on October 17, 2022. Both complaints alleged that Marquan Cook had shot Brandon Moneyham five times on October 11, 2020 "causing fatal injuries." Although the complaints did not explicitly say so, they implied that Brandon Moneyham had died on October 11, 2020 rather than sometime later. In the proceedings below, the appellants never disputed that Moneyham had died the day of the shooting. Indeed, that fact is beyond dispute.

{¶ 19} We recognize that in the context of a Civ.R. 12(C) motion, a trial court may not consider evidence outside of the pleadings. In the proceedings below, however, Davis-Head produced a copy of Brandon Moneyham's death certificate confirming that he had died on October 11, 2020. The appellants did not challenge the trial court's

consideration of the death certificate, which only confirmed what their complaints implied, and they have not raised the date of death or the trial court's consideration of the death certificate as issues on appeal. Given that the appellants filed their wrongful-death claims more than two years after Brandon Moneyham's death and that R.C. 2305.15(A) has no applicability to wrongful-death claims, the trial court did not err in entering judgment against them on those claims.

{¶ 20} The only other claims involving Volunteers of America or Wyatt were a negligent-entrustment claim against Volunteers of America (count seven), a negligent/intentional infliction of emotional distress claim against both of them (count eight), and a loss-of-consortium claim against them both (count ten). The trial court reasoned that the negligent-entrustment and negligent/intentional infliction of emotional distress claims were subsumed in the time-barred wrongful-death claim. Despite the pleading of various causes of action, the trial court determined that all of the appellants' claims, at their core, were predicated on various acts of negligence resulting in wrongful death and, therefore, were untimely wrongful-death claims. The appellants have not challenged that determination on appeal. Finally, the trial court noted that a loss-of-consortium claim is derivative in nature and cannot stand alone. Again, the appellants have not challenged that determination.

{¶ 21} Although we need not review the foregoing aspect of the trial court's judgment given the appellants' failure to challenge it, we do note that the negligent/intentional infliction of emotional distress claim has additional patent defects. "A claim for negligent infliction of emotional distress can be brought in very factually-specific

circumstances where the plaintiff has either witnessed or experienced a dangerous accident such that the plaintiff was subject to actual physical peril." *Cline v. Tecumseh Local Bd. of Edn.*, 2d Dist. Clark No. 2020-CA-36, 2021-Ohio-1329, ¶ 23. Here the appellants did not allege that they were bystanders or were personally subject to peril with regard to any negligent conduct by Volunteers of America or Wyatt, making their claim subject to dismissal. *Id.* at ¶ 25, 29. As for intentional infliction of emotional distress, the complaint alleges only acts of negligence by the appellees. A claim for intentional infliction of emotional distress cannot be predicated solely on negligent conduct.

**{¶ 22}** Finally, we note that the tolling effect of R.C. 2305.15(A) could not apply to the negligent-entrustment claim against Volunteers of America. The amended complaint alleged that Volunteers of America at all relevant times was a non-profit corporation with its principal place of business in Dayton, Ohio. The appellants never even suggested that Volunteers of America corporately left Ohio during the two-year statute-of-limitations in R.C. 2305.10 applicable to negligent-entrustment claims. Therefore, the negligent-entrustment claim was time-barred even if it did not merge into the wrongful-death claim.

**{¶ 23}** For the reasons set forth above, we overrule the appellants' second assignment of error.

### III. Conclusion

**{¶ 24}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and LEWIS, J., concur.