[Cite as *State ex rel. Ames v. Geauga Cty. Bd. of Revision*, 2022-Ohio-2281.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>BRIAN M. AMES,<br><br>       Relator-Appellant,<br><br>- v -<br><br>GEAUGA COUNTY<br>BOARD OF REVISION,<br><br>       Respondent-Appellee. | **CASE NO. 2021-G-0039**<br><br>Civil Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2021 M 000305 |

**O P I N I O N**

Decided: June 30, 2022
Judgment: Affirmed

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*James R. Flaiz*, Geauga County Prosecutor, and *Linda M. Applebaum*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Respondent-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, Brian M. Ames ("Mr. Ames"), appeals the judgments of the Geauga County Court of Common Pleas granting summary judgment to appellee, Geauga County Board of Revision (the "BOR"), and denying his motion for summary judgment regarding his claim under R.C. 121.22, i.e., the Open Meetings Act (the "OMA").

{¶2} Mr. Ames asserts two assignments of error, contending that the trial court erred (1) by finding that deputy treasurers and auditors may participate and act as members of a county board of revision rather than as appointed members of a hearing

board, and (2) by denying his motion for summary judgment and granting the BOR's motion for summary judgment.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The trial court did not err by finding that deputy treasurers and auditors may participate and act as members of a county board of revision and not merely as appointed members of a hearing board. Construing R.C. 5715.02 and R.C. 3.06(A) harmoniously and in proper context, we conclude that deputies of the county treasurer and auditor may perform any duties of their respective principals, including any duties associated with the board of revision.

{¶5} (2) The trial court did not err by denying Mr. Ames' motion for summary judgment and granting the BOR's motion for summary judgment. Mr. Ames' assigned error is premised on the same argument asserted above. Since Mr. Ames' proposed construction of the statute is incorrect, he has necessarily failed to demonstrate reversible error regarding the trial court's summary judgment determinations.

{¶6} Thus, we affirm the judgments of the Geauga County Court of Common Pleas.

**Substantive and Procedural History**

{¶7} The BOR is a county board of revision established pursuant to R.C. 5715.01(B). During 2020, the BOR consisted of the county treasurer (Christopher P. Hitchcock), the county auditor (Charles E. Walder), and a member of the board of the county commissioners (Timothy C. Lennon). *See* R.C. 5715.02.

{¶8} The BOR itself handles all matters under its authority and has not created separate hearing boards, as R.C. 5715.02 authorizes. The county treasurer and auditor

2

both have several deputies that they have authorized to periodically appear in their places at BOR meetings.

{¶9} On January 13, 2020, the BOR held a meeting at the auditor's conference room. The county treasurer, auditor, and commissioner did not appear. Rather, chief deputies appeared on behalf of the county treasurer and auditor, and the county administrator appeared on behalf of the county commissioner. During this meeting, the deputies and county administrator proposed, seconded, and passed resolutions appointing a chairperson, a vice chairperson, and alternate members of the BOR; authorizing the county auditor to act on the BOR's behalf in appeals; engaging a real property consultant; and authorizing the remission/refund of late-payment penalties.

{¶10} Mr. Ames is a resident of Randolph Township in Portage County. In 2021, Mr. Ames, pro se, filed a single count "verified complaint in mandamus, declaratory judgment, and injunction for enforcement of R.C. 121.22" against the BOR in the Geauga County Court of Common Pleas.

{¶11} Mr. Ames contended that the BOR failed "to conduct official business in an open meeting" in violation of R.C. 121.22(C). He alleged that there was no quorum at the January 2020 meeting because the county treasurer, auditor, and commissioner were not present and because the deputies and county administrator could not lawfully make motions, second motions, or vote at the meeting. Therefore, all actions taken at the meeting were invalid pursuant to R.C. 121.22(H). Mr. Ames requested a finding that the BOR violated the OMA; an injunction "enjoining" the BOR to comply with the OMA; a civil forfeiture of $500; court costs; and reasonable attorney fees.

3

{¶12} The BOR filed a motion to dismiss Mr. Ames' mandamus claim pursuant to Civ.R. 12(B)(6) for lack of standing, which Mr. Ames opposed. The trial court filed a judgment entry denying the BOR's motion to dismiss. The BOR subsequently filed an answer.

{¶13} Following written discovery, both parties moved for summary judgment. The trial court filed a judgment entry granting the BOR's motion for summary judgment and a subsequent judgment entry denying Mr. Ames' motion for summary judgment. Most relevant here, the trial court stated as follows:

{¶14} "While R.C. 5715.02 identifies the County Treasurer and the County Auditor as BOR members, it does not: (1) limit membership to the elected officials personally; (2) require personal participation by the elected officials; or (3) prohibit a deputy treasurer or a deputy auditor from participating and acting as members. *See* R.C. 5715.02.

{¶15} "The BOR membership statute does not limit or conflict with legislative provisions allowing the county treasurer and auditor to appoint deputies to perform 'any duties.' *See* R.C. 3.06(A); R.C. 5715.02. Since (1) the duties of the County Treasurer and the County Auditor include membership on the BOR; and (2) the County Treasurer and the County Auditor have the power to appoint deputies to perform 'any duties;' they may assign BOR membership to a deputy treasurer and deputy auditor. *See* R.C. 3.06(A); R.C. 5715.02."[1]

{¶16} Mr. Ames appealed and asserts the following two assignments of error:

---

1. In its first judgment entry, the trial court notified Mr. Ames that it intended to hold a hearing on sanctions for frivolous conduct. Following that hearing, the trial court found that Mr. Ames' filing of his claim constituted frivolous conduct and awarded attorney fees to the BOR. Mr. Ames' appeal of that judgment is before us in case no. 2022-G-0021.

4

**{¶17}** "[1.] The trial court erred by finding that a deputy treasurer or a deputy auditor may participate and act as members of county board of revision [sic] rather than as appointed members of a hearing board.

**{¶18}** "[2.] The trial court committed reversible error by denying Mr. Ames' Motion for Summary Judgment and granting the BOR's."[2]

### Appointment of Deputies

**{¶19}** In his first assignment of error, Mr. Ames contends that the trial court erred by finding that deputy treasurers and auditors may participate and act as members of a county board of revision rather than as appointed members of a hearing board.

**{¶20}** Mr. Ames' assigned error involves the construction and application of statutory language, which is a question of law that we review de novo. *Rancho Cincinnati Rivers, L.L.C. v. Warren Cty. Bd. of Revision*, 165 Ohio St.3d 227, 2021-Ohio-2798, 177 N.E.3d 256, ¶ 11.

**{¶21}** In construing statutes, a court's paramount concern is the legislative intent in enacting the statutes. *State ex rel. Heffelfinger v. Brunner*, 116 Ohio St.3d 172, 2007-Ohio-5838, 876 N.E.2d 1231, ¶ 35. To discern this intent, we consider the statutory language, reading words and phrases in context and construing them in accordance with rules of grammar and common usage. *Id.*; *see* R.C. 1.42. Courts must construe statutory provisions together and read the Revised Code as an interrelated body of law. *State v. Pribble*, 158 Ohio St.3d 490, 2019-Ohio-4808, 145 N.E.3d 259, ¶ 12. A court must harmonize and give full application to all statutes concerning the same subject matter

---

2. In case no. 2022-G-0001, the BOR appealed the trial court's denial of its motion to dismiss. We dismissed that appeal upon the BOR's request.

5

unless they are irreconcilable and in hopeless conflict. *Id.* Where the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom. *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 14.

{¶22} Mr. Ames' claim is based on R.C. 5715.02, which states, in relevant part:

{¶23} "The county treasurer, county auditor, and a member of the board of county commissioners selected by the board of county commissioners shall constitute the county board of revision, *or they may provide for one or more hearing boards when they deem the creation of such to be necessary to the expeditious hearing of valuation complaints. Each such official may appoint one qualified employee from the official's office to serve in the official's place and stead on each such board for the purpose of hearing complaints as to the value of real property only*, each such hearing board has the same authority to hear and decide complaints and sign the journal as the board of revision, and shall proceed in the manner provided for the board of revision by sections 5715.08 to 5715.20 of the Revised Code." (Emphasis added.)

{¶24} Mr. Ames contends that the county treasurer and auditor may only appoint deputies to a hearing board and for the sole purpose of hearing valuation complaints. They may not appoint deputies to conduct board of revision meetings or any other business. Since the BOR admittedly did not create any hearing boards, the deputy

6

treasurer and auditor had no authority to hold or conduct business at the BOR's January 2020 meeting.[3]

**{¶25}** We agree that R.C. 5715.02 permits the county treasurer and auditor to appoint deputies to a hearing board for the purpose of hearing valuation complaints. However, we disagree that R.C. 5715.02 exclusively governs a deputy's authority in relation to the board of revision.

### *Valuation Hearings; R.C. 5715.02*

**{¶26}** R.C. 5715.02 permits the board of revision to create separate hearing boards to hear valuation complaints, if deemed necessary. It also permits each official on the board of revision to appoint a qualified employee from its office to serve in its place on the board of revision or, alternatively, on separate hearing boards, for the purpose of hearing valuations complaints.

**{¶27}** The General Assembly did not define the term "employee" for purposes of R.C. 5715.02. In ordinary usage, the word "employee" means "one employed by another usually for wages or salary and in a position below the executive level." *Merriam-Webster*, https://www.merriam-webster.com/dictionary/employee (accessed June 15, 2022).

**{¶28}** Here, the county auditor is authorized to "appoint one or more deputies to aid him in the performance of his duties." R.C. 319.05. Similarly, the county treasurer is authorized to "appoint one or more deputies." R.C. 321.04. Deputies are appointed by, and serve at the pleasure of, the county treasurer and auditor, *see* R.C. 3.06(A), and the

---

3. The Supreme Court of Ohio has twice declined to address similar arguments made by Mr. Ames. *See State ex rel. Ames v. Portage Cty. Bd. of Revision*, 166 Ohio St.3d 225, 2021-Ohio-4486, 184 N.E.3d 90 (affirming this court's dismissal of Mr. Ames' mandamus petition for lack of standing); *State ex rel. Ames v. Geauga Cty. Bd. of Revision*, 165 Ohio St.3d 1488, 2021-Ohio-4409, 178 N.E.3d 518 (dismissing Mr. Ames' mandamus petition as moot).

7

county treasurer and auditor set their deputies' compensation. *See* R.C. 325.17. In addition, sections of the revised and administrative codes refer to deputies as "employees." *See, e.g.*, R.C. 325.17 (authorizing the county auditor and treasurer to "appoint and employ the necessary *deputies * * * or other employees* for their respective offices"); Ohio Adm.Code 123:1-47-01(A)(27) ("For purposes of Chapters 123:1-1 to 123:1-47 of the Administrative Code * * * '[d]eputy' - means *an employee* authorized by law to act generally for or in place of his or her principal and holding a fiduciary relationship to such principal * * *") (Emphasis added.)

{¶29} We conclude that deputies of the county treasurer and auditor are "employees," as commonly defined. Accordingly, the county treasurer and auditor may appoint deputies to serve in their places on the board of revision or on separate hearing boards for the purpose of hearing valuation complaints.

{¶30} This determination is not dispositive, however, because the BOR's January 2020 meeting was not a hearing on a valuation complaint. Rather, it involved organizational and administrative matters. Therefore, we must determine the scope of a deputy's authority in relation to the board of revision.

### *Deputies; R.C. 3.06(A)*

{¶31} R.C. 5715.02 addresses the appointment of an "employee" for the purpose of hearing valuation complaints. By contrast, R.C. 3.06 governs "deputies" of elected officials. R.C. 3.06(A) expressly provides that "[a] deputy, when duly qualified, may perform *any duties* of his principal." (Emphasis added.)

{¶32} As the trial court aptly noted, "[a]n employee is not necessarily a deputy." This court has defined a "'deputy'" as "'[a] substitute'"; "'a person duly authorized by an

8

Case No. 2021-G-0039

officer to exercise some or all of the functions pertaining to the office, in the place and stead of the latter'"; and "'[o]ne appointed to substitute for another with power to act for him in his name or behalf.'" *Lake Cty. Auditor v. Evans*, 11th Dist. Lake No. 7-220, 1980 WL 352264, *1 (Sept. 29, 1980), quoting *Black's Law Dictionary*. Thus, the relationship between a deputy and his or her principal involves "something more than the ordinary relationship of employer and employee." *In re Termination of Employment of Pratt*, 40 Ohio St.2d 107, 114, 321 N.E.2d 603 (1974). Specifically, a deputy has a fiduciary relationship to his or her elected principal. *See id.*; Ohio Adm.Code 123:1-47-01(A)(27) ("'Deputy' - means an employee authorized by law to act generally for or in place of his or her principal and holding a *fiduciary relationship* to such principal * * *") (Emphasis added.)

{¶33} In addition, while the board of revision is required to hear and investigate complaints regarding the "valuation" of real property, *see* R.C. 5715.11, R.C. 5715.02, and DTE Form 1, this is not the full extent of its statutory duties. For instance, the board of revision is also required to hear and investigate complaints regarding the "assessment" of real property. *See* R.C. 5715.11; DTE Form 2. The board of revision is further required to "organize annually on the second Monday in January by the election of a chairman for the ensuring year." R.C. 5715.09. The county auditor serves as the secretary of the board of revision and is required to "call the board together as often as necessary during any year, keep an accurate record of the proceedings of the board in a book kept for the purpose, and perform such other duties as are incidental to the position." *Id.*

{¶34} Mr. Ames contends that R.C. 3.06(A) only permits deputies to perform an elected official's "duties" as opposed to its "powers." Mr. Ames cites no authority in

9

support of this proposition, and the statutory text does not reasonably support it. R.C. 3.06(A) uses the phrase "any duties." The term "'[a]ny' is often used as meaning 'all.'" *Wachendorf v. Shaver*, 149 Ohio St. 231, 240, 78 N.E.2d 370 (1948). Thus, the text of R.C. 3.06(A) does not exclude duties arising from the "powers" of elected office.

{¶35} The Ohio Attorney General expressed a view similar to Mr. Ames' argument in a 1925 opinion, stating that "a deputy may perform a *purely ministerial duty* of his principal but * * * he may not exercise a duty enjoined upon his principal which is of a *judicial* or *quasi-judicial* nature or a duty requiring the exercise of *judgment* or *discretion*." (Emphasis added.) 1925 Ohio Atty.Gen.Ops. No. 2573, at 407. The attorney general determined that the statutory duties of a county board of revision met these criteria; therefore, it advised that a deputy treasurer or auditor could *not* act in the place of a treasurer or auditor. *Id.* at 408.

{¶36} The attorney general reached the opposite conclusion in a 1944 opinion, effectively overruling its prior opinion. *See* 1944 Ohio Atty.Gen.Ops. No. 6935, at 278. At that time, G.C. 9 (now R.C. 3.06(A)) provided that "'[a] deputy, when duly qualified, may perform *all and singular* the duties of his principal.'" (Emphasis added.) 2006 Ohio Atty.Gen.Ops. No. 2006-042, at 2-413, fn. 4, quoting G.C. 9 of the 1910 General Code.

{¶37} Most recently, the attorney general has opined that "a deputy county auditor appointed to serve in the place of the county auditor on the county board of revision or on a hearing board of the county board of revision * * * holds a public office." 2016 Ohio Atty.Gen.Ops. No. 2016-024, slip. op. at 3. Although not binding, the attorney general's opinion is consistent with Ohio law. The Supreme Court of Ohio has long held that "[i]f official duties are prescribed by statute, and their performance involves the exercise of

10

continuing, independent, political or governmental functions, then the position is a public office," even if the position is filled by appointment, rather than election. *State ex rel. Landis v. Bd. of Commrs. of Butler Cty.*, 95 Ohio St. 157, 159, 115 N.E. 919 (1917).

**{¶38}** In addition, a county treasurer and auditor may require its deputies to post a bond, and they are answerable for their deputies' neglect or misconduct in office. *See* R.C. 3.06(A); R.C. 319.05 ("The auditor and his sureties shall be liable for the acts and conduct of such deputies"); R.C. 321.04 ("Each county auditor * * * shall be liable and accountable for their [deputies'] proceedings and misconduct in office").

**{¶39}** Construing R.C. 5715.02 and R.C. 3.06(A) harmoniously and in proper context, we conclude that deputies of the county treasurer and auditor may perform any duties of their respective principals, including any duties associated with the board of revision. Accordingly, the trial court did not err by finding that deputy treasurers and auditors may participate and act as members of a county board of revision and not merely as appointed members of a hearing board.

**{¶40}** Mr. Ames' first assignment of error is without merit.

### Summary Judgment

**{¶41}** In his second assignment of error, Mr. Ames contends that the trial court erred by denying his motion for summary judgment and granting the BOR's motion for summary judgment.

**{¶42}** We review a trial court's summary judgment orders de novo. *Sabo v. Zimmerman*, 11th Dist. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, ¶ 9. A reviewing court will apply the same standard a trial court is required to apply, which is to determine

11

Case No. 2021-G-0039

whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Id.*

**{¶43}** Mr. Ames' second assigned error is premised on the same argument asserted in his first, i.e., that deputy treasurers and auditors may not exercise the authority of the elected officials comprising the board of revision. Since the elected officials did not appear at the BOR's January 2020 meeting, there was no quorum. Therefore, the BOR violated the OMA, which entitles him to an injunction, a civil forfeiture, and court costs.

**{¶44}** As explained above, Mr. Ames' proposed statutory construction is incorrect. Therefore, Mr. Ames has necessarily failed to demonstrate reversible error regarding the trial court's summary judgment determinations.

**{¶45}** Mr. Ames' second assignment of error is without merit.

**{¶46}** For the foregoing reasons, the judgments of the Geauga County Court of Common Pleas are affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

12