[Cite as *State ex rel. Ames v. Geauga Cty. Bd. of Revision*, 2023-Ohio-1247.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>BRIAN M. AMES, | **CASE NO. 2022-G-0021** |
| Relator-Appellant, | Civil Appeal from the<br>Court of Common Pleas |
| - v - | |
| GEAUGA COUNTY<br>BOARD OF REVISION, | Trial Court No. 2021 M 000305 |
| Respondent-Appellee. | |

# **O P I N I O N**

Decided: April 17, 2023
Judgment: Affirmed

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*James R. Flaiz*, Geauga County Prosecutor, and *Linda M. Applebaum*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Respondent-Appellee).

MARY JANE TRAPP, J.

{¶1}    Relator-appellant, Brian M. Ames ("Mr. Ames"), appeals the judgment of the Geauga County Court of Common Pleas, in which it adopted the magistrate's decision, determined that Mr. Ames engaged in frivolous conduct, and awarded attorney fees to respondent-appellee, Geauga County Board of Revision ("the BOR").

{¶2}    Mr. Ames asserts two assignments of error, contending that the trial court erred (1) by holding a hearing on frivolous conduct when it lacked statutory authority and jurisdiction to do so, and (2) by finding that he engaged in frivolous conduct.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The trial court was not divested of jurisdiction over frivolous conduct proceedings. The trial court's consideration of an award of attorney fees against Mr. Ames was a collateral issue that was not inconsistent with this court's jurisdiction to reverse, modify, or affirm the trial court's summary judgment orders in Mr. Ames' separate appeal.

{¶5} (2) Mr. Ames' remaining arguments do not establish reversible error. Mr. Ames did not file objections to the magistrate's decision and has not claimed plain error on appeal.

{¶6} Thus, we affirm the judgment of the Geauga County Court of Common Pleas.

## Substantive and Procedural History

{¶7} The BOR is a county board of revision established pursuant to R.C. 5715.01(B) that consists of the county treasurer, county auditor, and a member of the board of county commissioners selected by that board. Mr. Ames is a resident of Randolph Township in Portage County.

{¶8} In May 2021, Mr. Ames filed a pro se complaint against the BOR in the Geauga County Court of Common Pleas, alleging that the BOR violated R.C. 121.22, i.e., the Open Meetings Act ("the OMA"). According to Mr. Ames, there was no quorum for the BOR's January 13, 2020 meeting because the treasurer, auditor, and commissioner were not present and because deputy treasurers and auditors and the county administrator may not lawfully act as members of the BOR. Mr. Ames requested a finding

2

that the BOR violated the OMA, an injunction "enjoining" the BOR to comply with the OMA, a civil forfeiture of $500, court costs, and reasonable attorney fees.

{¶9} The parties filed cross motions for summary judgment. In its motion, the BOR requested that the trial court determine, pursuant to R.C. 121.22(I)(2)(b), that Mr. Ames engaged in frivolous conduct in bringing his action. That statutory provision provides, "If the court of common pleas does not issue an injunction pursuant to [R.C. 121.22(I)(1)] and the court determines at that time that the bringing of the action was frivolous conduct, as defined in [R.C. 2323.51(A)], the court shall award to the public body all court costs and reasonable attorney's fees, as determined by the court."

{¶10} The trial court filed a judgment entry granting the BOR's motion for summary judgment. In its entry, the trial court notified Mr. Ames that it intended to hold a hearing to determine whether he engaged in frivolous conduct and whether sanctions were warranted, citing this court's decision in *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2018-P-0036, 2019-Ohio-3237, *appeal not accepted*, 157 Ohio St.3d 1512, 2019-Ohio-5193, 136 N.E.3d 508.

{¶11} In that case, we acknowledged R.C. 121.22(I)(2)(b) "plainly states that a court must make a frivolousness finding and award costs and reasonable fees simultaneously with its decision to deny an injunction," which "would ostensibly require the trial court to proceed to make a finding of frivolousness and a cost/reasonable-fee determination without a hearing." *Id.* at ¶ 23. We concluded that "it would be unreasonable and nonsensical to give the 'at that time' clause * * * its plain meaning." *Id.* at ¶ 30. We held that "[a]lthough contrary to the letter of the statute, * * * a trial court may deny injunctive relief and, upon such an order, alert the plaintiff of its intention to hold a

3

hearing on the frivolous conduct issue to preserve his or her right to due process as well as the orderly and coherent administration of justice." *Id.*

{¶12} The trial court filed a separate entry denying Mr. Ames' motion for summary judgment.

{¶13} On December 29, 2021, Mr. Ames filed a notice of appeal of the trial court's summary judgment orders (case no. 2021-G-0039). Mr. Ames also filed a motion in the trial court to stay further proceedings, contending that the trial court was divested of jurisdiction when he filed his notice of appeal and that further proceedings would prejudice his appeal. The trial court filed an order appointing a magistrate and scheduling a hearing on frivolous conduct and sanctions. It also filed an order denying Mr. Ames' motion to stay proceedings on the basis that Ms. Ames failed to post a supersedeas bond.

{¶14} Shortly thereafter, Mr. Ames filed a motion requesting that the trial court determine its lack of jurisdiction to proceed and vacate its order appointing the magistrate and scheduling a hearing. The trial court filed a judgment entry in which it determined that it had jurisdiction and denied Mr. Ames' motion.

{¶15} In January 2022, the magistrate held a hearing on frivolous conduct and sanctions. The magistrate subsequently filed a decision setting forth its findings of fact and conclusions of law. The magistrate found that Mr. Ames' conduct was "egregious" and "objectively frivolous" and that the BOR was "adversely affected." It recommended an award of attorney fees to the BOR in the amount of $1,485. Mr. Ames did not file objections to the magistrate's decision.

{¶16} In March 2022, the trial court filed a judgment entry in which it adopted the magistrate's decision, determined that Mr. Ames engaged in frivolous conduct, and

4

awarded attorney fees to the BOR in the amount of $1,485. In April 2022, Mr. Ames filed the instant appeal.

{¶17} In June 2022, we affirmed the trial court's summary judgment orders in case no. 2021-G-0039. *See State ex rel. Ames v. Geauga Cty. Bd. of Revision*, 11th Dist. Geauga No. 2021-G-0039, 2022-Ohio-2281 ("*Ames I*"). Mr. Ames filed a jurisdictional appeal to the Supreme Court of Ohio, which declined jurisdiction, with one justice dissenting. *See State ex rel. Ames v. Geauga Cty. Bd. of Revision*, 167 Ohio St.3d 1526, 2022-Ohio-332, 195 N.E.3d 162 ("*Ames II*").

{¶18} Mr. Ames asserts two assignments of error:

{¶19} "[1.] The trial court erred by holding a hearing on frivolous conduct pursuant to R.C. 2323.51(B)(1) when it lacked statutory authority and jurisdiction to do so.

{¶20} "[2.] The trial court erred by find[ing] that the bringing of this action constituted frivolous conduct."

### Subject Matter Jurisdiction

{¶21} Within his first assignment of error, Mr. Ames contends that the trial court was divested of jurisdiction over frivolous conduct proceedings when he appealed the court's summary judgment orders in case no. 2021-G-0039.

{¶22} Subject matter jurisdiction is a condition precedent to a court's ability to hear the case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. If a court acts without jurisdiction, then any proclamation by that court is void. *Id.* "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Id.* Whether a trial

5

court possesses subject matter jurisdiction is a question of law that we review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶23} The Supreme Court of Ohio has held that "[o]nce a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. However, "[t]he trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Id.* This includes certain "collateral issues" such as "contempt, appointment of a receiver[,] and injunction." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978).

{¶24} In *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, the Supreme Court of Ohio held that "despite a voluntary dismissal under Civ.R. 41(A)(1), a trial court may consider certain collateral issues not related to the merits of the action." *Id.* at ¶ 23. *Hummel* involved a motion for sanctions pursuant to Civ.R. 45(E). *See id.* at ¶ 24-25. The court cited with approval the Supreme Court of the United States' decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), which held that a trial court retains jurisdiction to determine Fed.R.Civ.P. 11 sanctions after the principal suit has been terminated, and the Tenth Appellate District's decision in *Grossman v. Mathless & Mathless, C.P.A.*, 85 Ohio App.3d 525, 620 N.E.2d 160 (10th Dist.1993), which held that the trial court could entertain an R.C. 2323.51 motion for sanctions for frivolous conduct even though the underlying case had been voluntarily dismissed. *See Hummel* at ¶ 23, ¶ 25. In a subsequent decision, the Supreme Court of Ohio held that "[t]rial courts may consider collateral issues like * *

6

* Civ.R. 11 sanctions despite a dismissal." *State ex rel. Ahmed v. Costine*, 100 Ohio St.3d 36, 2003-Ohio-4776, 795 N.E.2d 672, ¶ 5.

{¶25} Based on this authority, this court has held that "[e]ven once an appeal is taken, a trial court 'may consider collateral issues not related to the merits of the action, such as a [R.C. 2323.51] motion for sanctions * * *'". *Lloyd v. Thornsberry*, 11th Dist. Portage No. 2019-P-0108, 2021-Ohio-240, ¶ 17, quoting *Middleton v. Luna's Restaurant & Deli*, LLC, 5th Dist. Stark No. 2011-CA-00181, 2012-Ohio-348, ¶ 11. We explained that "the law is clear that the trial court retained jurisdiction to decide defendants' motion for sanctions, as sanctions are a collateral matter." *Id.* at ¶ 19.

{¶26} Courts have also consistently held that a trial court retains jurisdiction to decide a motion for sanctions where, as here, an appeal of summary judgment in the same matter has been filed. *See, e.g.*, *Newman v. Al Castrucci Ford Sales, Inc.*, 54 Ohio App.3d 166, 169, 561 N.E.2d 1001 (1st Dist.1988) (involving Civ.R. 11); *Webb v. Pewano*, 12th Dist. Fayette Nos. CA2008-10-036 and CA2008-12-042, 2009-Ohio-2629, ¶ 30-32 (same); *Harris v. Southwest Gen. Hosp.*, 84 Ohio App.3d 77, 85, 616 N.E.2d 507 (8th Dist.1992) (involving Civ.R. 11, Civ.R. 36(A), and Civ.R. 37(C)); *MSC Walbridge Coatings, Inc. v. Harmeyer*, 6th Dist. Wood No. WD-05-075, 2006-Ohio-3181, ¶ 29-30 (involving Civ.R. 37(A));

{¶27} In *Newman*, the First Appellate District explained that a Civ.R. 11 motion "is similar to a contempt proceeding in that the trial court's decision * * * is collateral to the appeal of the summary judgment. * * * Whatever the trial court decided on sanctions, this court's power to review and decide the appeal of summary judgment would remain unaffected." *Id.* at 169. The court noted that if it had "reversed the summary judgment

7

(which was based only on the fact that the complaint was groundless), then there would be a possible basis for the reversal of the imposition of sanctions, but [its] power to review the summary judgment still would not be affected." *Id.* at 169, fn. 1.

{¶28} Similarly, the Ninth Appellate District explained that Civ.R. 11 motions "are merely post-judgment motions which do not disturb the original judgment. They may be likened to a motion in aid of execution of judgment, upon which independent and separate proceedings may be held to enable a creditor to collect on the judgment he has received. See R.C. Chapter 2333. These proceedings cannot change the original judgment; they are ancillary and incidental to the judgment." *Stevens v. Kiraly*, 24 Ohio App.3d 211, 214, 494 N.E.2d 1160 (9th Dist.1985).

{¶29} Although the present case involves frivolous conduct proceedings based on R.C. 121.22(I)(2)(b), such proceedings are analogous to those brought under R.C. 2323.51 and Civ.R. 11. R.C. 121.22(I)(2)(b) provides, in relevant part, that if "the court determines * * * that the bringing of the action was frivolous conduct, as defined in [R.C. 2323.51(A)], the court *shall award* to the public body all court costs and reasonable attorney's fees, as determined by the court." (Emphasis added.) R.C. 2323.51, the frivolous conduct statute, provides, in relevant part, that "except as otherwise provided in * * * [R.C. 121.22(I)(2)(b)] * * * [t]he court *may assess and make an award* to any party to the civil action or appeal who was adversely affected by frivolous conduct * * *." (Emphasis added.) R.C. 2323.51(B)(1). The principal difference between these provisions is that an award under R.C. 121.22(I)(2)(b) is mandatory. *See Ames v. Portage Cty. Bd. of Commrs.*, *supra*, at ¶ 28 (noting that frivolous conduct under R.C.

8

121.22(I)(2)(b) "will result in the *mandatory* award of costs and reasonable fees"). (Emphasis added.)

{¶30} Notably, both statutes refer to an "award" rather than "sanctions," except for R.C. 2323.51's statutory heading. However, courts routinely refer to an "award" under R.C. 2323.51 as "sanctions." *See*, *e.g.*, *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11 ("We will not reverse a lower court's decision on whether to award *sanctions* under R.C. 2323.51 absent an abuse of discretion.") (Emphasis added.)

{¶31} Civ.R. 11 provides, in relevant part, that "[f]or a willful violation of this rule, an attorney or pro se party * * * may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule." The principal difference between R.C. 2323.51 and Civ.R. 11 is that broader sanctions may be imposed under the rule but only upon attorneys or, in certain circumstances, pro se litigants. *T.M. v. J.H.*, 6th Dist. Lucas Nos. L-10-1014 and L-10-1034, 2011-Ohio-283, ¶ 98; *see State ex rel. J. Richard Gaier Co., L.P.A. v. Kessler*, 97 Ohio App.3d 782, 785, 647 N.E.2d 564 (2d Dist.1994) (describing R.C. 2323.51 as the "statutory counterpart" of Civ.R. 11).

{¶32} The dissent contends that frivolous conduct is not a collateral issue in an OMA action because it is "necessarily raised by the Complaint under the statute." However, *every* filing in *every* civil action subjects a litigant to a potential finding of frivolous conduct. Under R.C. 2323.51(A)(1), "conduct" means "the filing of civil action" as well as "the filing of a pleading, motion, or other paper in a civil action." Civ.R. 11 provides that "[e]very pleading, motion, or other document * * * shall be signed," and the

9

signature "constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay."

{¶33} The dissent also contends that the trial court's summary judgment orders at issue case no. 2021-G-0039, which this court affirmed in *Ames I*, were not final appealable orders. In other words, the dissent asserts that *this* court, rather than the trial court, lacked jurisdiction. Neither party has asserted that position in this appeal. Rather, as stated, the issue is whether the trial court was divested of jurisdiction while this court *exercised* its jurisdiction in case no. 2021-G-0039. In addition, the dissent cites inapposite case law involving the finality of a judgment when a party requested attorney fees in a pleading. By contrast, the Eighth District has held that "a motion for attorney fees for frivolous conduct * * * does not impede the finality of the judgment" because "sanctions for frivolous conduct are generally considered to be collateral to the underlying action." *Zappola v. Rock Capital Sound Corp.*, 8th Dist. Cuyahoga No. 100055, 2014-Ohio-2261, ¶ 21.

{¶34} In light of the foregoing authority, we conclude that the trial court's consideration of an award of attorney fees against Mr. Ames was a collateral issue that was not inconsistent with this court's jurisdiction to reverse, modify, or affirm the trial court's summary judgment orders in case no. 2021-G-0039. The trial court's frivolous conduct proceedings did not affect this court's power to review and decide Mr. Ames' appeal of the summary judgment orders. Had we reversed the trial court's summary judgment orders in *Ames I*, it would have provided a possible basis for a subsequent

10

Case No. 2022-G-0021

reversal of the attorney fee award; however, our power to review the summary judgment orders remained unaffected.

{¶35} Accordingly, the trial court retained subject matter jurisdiction over frivolous conduct proceedings despite Mr. Ames' appeal of the court's summary judgment orders. The discussed portion of Mr. Ames' first assignment of error is without merit.

**Plain Error**

{¶36} We review Mr. Ames' remaining arguments together. Within his first assignment of error, Mr. Ames contends that the trial court's frivolous conduct proceedings were "untimely" under R.C. 121.22(I)(2)(b). According to Mr. Ames, the statutory provision requires the court to determine whether the bringing of the action constitutes frivolous conduct *at the same time* it determines not to issue an injunction, not at a later hearing.[1]

{¶37} In his second assignment of error, Mr. Ames contends that the trial court erred in determining that he engaged in frivolous conduct. According to Mr. Ames, the fact that one justice dissented from the Supreme Court of Ohio's declination of jurisdiction demonstrates that a reasonable attorney would have brought the underlying action.

{¶38} As stated, Mr. Ames did not file objections to the magistrate's decision. "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law * * *, unless the party has objected to that finding

---

1. Notably, Mr. Ames asserted the exact opposite argument in *State ex rel. Ames v. Portage Cty. Bd. of Commrs. See id.* at ¶ 15.

11

Case No. 2022-G-0021

or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). Thus, Mr. Ames has forfeited all but plain error on appeal.

{¶39} Mr. Ames has not claimed plain error on appeal. "Where the appellant in a civil case does not properly invoke the plain-error doctrine, it cannot meet its burden on appeal and [a reviewing court] will not sua sponte undertake a plain-error analysis on its behalf." *Cable Busters, LLC v. Mosley*, 1st Dist. Hamilton No. C-190364, 2020-Ohio-3442, ¶ 8; *see State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19 (noting that "appellate courts do not sit as self-directed boards of legal inquiry and research * * *").

{¶40} The dissent contends that this court should review the substantive merits of Mr. Ames' arguments because he, like many OMA litigants, is acting pro se. This court regularly adheres to the established rule that pro se litigants are held to the same standard as other litigants and are not entitled to special treatment. *See, e.g., State v. Ober*, 11th Dist. Portage Nos. 2018-P-0034 and 2018-P-0035, 2019-Ohio-843, ¶ 12. And given Mr. Ames' history of pro se litigation in this court and others, he is not a typical pro se litigant.

{¶41} Accordingly, the remainder of Mr. Ames' first and his second assignment of error are without merit.

{¶42} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J., concurs,

MATT LYNCH, J., dissents with a Dissenting Opinion.

_____

12

Case No. 2022-G-0021

MATT LYNCH, J., dissents with a Dissenting Opinion.

{¶43} I respectfully dissent from the majority's decision to affirm the lower court's finding that the filing of the underlying action constitutes frivolous conduct. Although the lower court had jurisdiction to consider the issue of frivolous conduct even after the filing of a Notice of Appeal in *State ex rel. Ames v. Geauga Cty. Bd. of Revision*, 11th Dist. Geauga No. 2021-G-0039, 2022-Ohio-2281, the issue of sanctions for frivolous conduct in an action brought under the Open Meetings Act is not a collateral issue "analogous to [motions for frivolous conduct] brought under R.C. 2323.51 and Civ.R. 11" as claimed by the majority. *Supra* at ¶ 29. With respect to the issue of sanctions, the lower court's finding that the filing of Ames' Verified Complaint constituted frivolous conduct is not supported by the record. Moreover, this Court should not disregard Ames' arguments on appeal because he failed to properly raise the argument. In the present case, the alleged error is properly recognized, as has been done in other cases, as plain error.

{¶44} In every action brought under the Open Meetings Act, "[i]f the court of common pleas does not issue an injunction" under the Act, "the court shall award to the public body all court costs and reasonable attorney's fees, as determined by the court." R.C. 121.22(I)(2)(b). Accordingly, by virtue of filing an action under the Open Meetings Act, Ames necessarily raised the issue of whether his conduct was frivolous entitling the Board of Revision to costs and attorney fees. The Board was not required to raise the issue in a collateral proceeding pursuant to R.C. 2323.51 or Civil Rule 11.

{¶45} In *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2018-P-0036, 2019-Ohio-3237, this court observed that R.C. 121.22(I)(2)(b) "plainly states that a court must make a frivolous finding and award costs and reasonable fees

13

simultaneously with its decision to deny an injunction." *Id.* at ¶ 23. It cannot be disputed then that, by filing a complaint under the Open Meetings Act, Ames raised the issue of frivolous conduct. Although this court has construed the statute to require notice and a hearing before imposing sanctions, it nevertheless recognized that such conduct "will result in the mandatory award of costs and reasonable fees." *Id.* at ¶ 28.

{¶46} In the present case, the Board invoked R.C. 121.22(I)(2)(b) for sanctions at the same time it moved for summary judgment on the merits. In its December 23, 2021 Decision and Judgment in which the trial court granted the Board's motion, i.e., at the time it determined it would not issue an injunction, the court stated: "Mr. Ames is hereby alerted to *the Court's intent to hold a hearing to determine if Mr. Ames' conduct was frivolous and, if* his conduct is found frivolous 'the court shall award the … [BOR] all court costs and reasonable attorney's fees, as determined by the court.' *See* R.C. 121.22(I)(2)(b). A hearing on frivolous conduct, court costs, and attorney fees will be separately scheduled." The issue was not collateral or ancillary to Ames' claim under the Open Meetings Act, but integral to the resolution of the matter before the court. Despite the trial court's express intention to address the issue of frivolous conduct, this Court accepted jurisdiction over the appeal filed from the December 23, 2021 Decision and Judgment. However, until a decision regarding frivolous conduct was made on March 15, 2022, there was no final resolution of Ames' claim under the Open Meetings Act and the trial court retained jurisdiction to make that determination. *Compare Internatl. Brotherhood of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, paragraph two of the syllabus ("[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of

14

the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order").

{¶47} In the *Internatl. Brotherhood* case, the plaintiff sued under Ohio's Prevailing Wage Law. The defendant requested attorney fees in its answer and subsequently moved for a finding of frivolous conduct pursuant to R.C. 2323.51, Civil Rule 11, and a special statutory provision, R.C. 4115.16(D), providing that "the court shall award attorney fees and court costs to the prevailing party." The Supreme Court did not make any distinction between the claim for statutory sanctions and the collateral claims for sanctions under R.C. 2323.51 and Civil Rule 11. "The summary-judgment order entered by the trial court disposed of several claims, but did not include defendants' claim for attorney fees. Nor did the summary judgment order include the Civ.R. 54(B) language. Pursuant to R.C. 2505.02 and Civ.R. 54(B), the order is not final and therefore may not be reviewed by an appellate court." *Id.* at ¶ 9.

{¶48} Under R.C. 121.22(I)(2)(b) the Court below was required to hold a hearing to determine frivolous conduct and, if found, is further required to assess "costs and reasonable attorney fees." Thus the claim for fees is not collateral to the action since it is necessarily raised by the Complaint under the statute. "It is well-settled law that when attorney fees are requested in the complaint, there is no final appealable order until those fees have been addressed by the trial court unless the court utilizes Civ.R. 54(B) language." *Urso v. Compact Cars, Inc.*, 11th Dist. Trumbull No. 2005-T-0037, 2005-Ohio-6292, ¶ 5.

{¶49} Thus, a complaint under R.C. 121.22(I)(2)(b) will in each and every case place before the court the issues of frivolous conduct and the expenses which may be

15

caused thereby. An order that fails to resolve those issues cannot be final. In this case, the December 23, 2021 Decision and Judgment was not a final order and its appeal did not deprive the trial court of jurisdiction to rule on the issue of frivolous conduct. Accordingly, the trial court never lost jurisdiction and I concur that it was proper for the court to address the issue of frivolous conduct.

{¶50} Nevertheless, I further disagree with the majority's dismissal of Ames' second assignment of error without substantive consideration of its merits on account of his failure to properly preserve and/or present the issue for appeal. Certainly, there is precedent to support the majority's position that such assignments of error may be disregarded, but there is no precedent that they must be disregarded. When inclined to do so, this Court has considered arguments that were not objected to before a magistrate and not raised as plain error on appeal, and has even found such procedurally deficient arguments to have merit. *See, e.g., Rootstown Twp. Bd. of Trustees v. Helmling*, 2022-Ohio-4045, 201 N.E.3d 14, ¶ 11-12 (11th Dist.) ("Helmling did not specifically raise the argument that the fine was unauthorized in his objections to the magistrate's decision. * * * Helmling does not frame his argument in terms of plain error in his [appellate] brief * * *. Nonetheless, we conclude he has established plain error in the imposition of the fine for the reasons that follow.").

{¶51} The Open Meetings Act is a unique piece of legislation that serves an important role in the functioning of our local democracy. In the absence of such ordinance or statute, "the public has no common-law right to attend meetings of governmental bodies." *Beacon Journal Pub. Co. v. Akron*, 3 Ohio St.2d 191, 198, 209 N.E.2d 399 (1965). The Act establishes "the basic requirement that meetings of public bodies in Ohio

16

* * * must be open to the public at all times" so as "to prevent public bodies from engaging in secret deliberations on public issues with no accountability to the public." *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2019-Ohio-3729, 144 N.E.3d 1010, ¶ 35, 34 (11th Dist.); *State ex re. Masiella v. Brimfield Twp. Bd. of Trustees*, 2017-Ohio-2934, 91 N.E.3d 1, ¶ 45 (11th Dist.) ("[c]itizens are entitled to due process and equal protection" and "[t]ransparency is paramount to promoting justice and instilling public faith in our system of governance"). The Act itself proclaims that it "shall be liberally construed" to serve these ends. R.C. 121.22(A). Consistent with these purposes, enforcement of the Act is entrusted to "any person," with "[i]rreparable harm and prejudice * * * be[ing] conclusively and irrebuttably presumed upon proof of a violation or threatened violation of [the Act]." R.C. 121.22(I)(1) and (3).

{¶52} Responsibility, then, for vindicating the important interests protected by the Act will often fall upon pro se citizens, such as Ames. Inasmuch as the purpose of the Act entails instilling public faith in our system of governance, issues relating to the Act should be treated substantively, at least for plain error, even if plain error has not been raised on appeal. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus (the plain error doctrine "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself"); *Rose v. Cochran*, 2d Dist. Montgomery No. 25498, 2013-Ohio-3755, ¶ 40 ("[w]hile we generally confine our review to the assignments of error raised on appeal, it is within our discretion to sua sponte notice plain error").

17

**{¶53}** Considering the record before this Court, the lower court's determination that Ames' conduct was frivolous constitutes plain error and an abuse of discretion. For present purposes, the filing of Ames' Verified Complaint may be found frivolous if "[i]t is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(ii). Significantly, "R.C. 2323.51 uses an objective standard in determining whether sanctions may be imposed for frivolous conduct." *Marcellino v. Nicastro*, 11th Dist. Geauga No. 2021-G-0025, 2022-Ohio-2736, ¶ 47. "Thus, a finding of frivolous conduct under R.C. 2323.51 is decided without inquiry as to what the individual knew or believed." *Id.*

**{¶54}** Ames' Verified Complaint alleged the violation of R.C. 121.22(C), which provides: "A member of a public body shall be present in person at a meeting open to the public to be considered present or to vote at the meeting and for purposes of determining whether a quorum is present at the meeting." At a January 13, 2020 meeting of the Geauga County Board of Revision at which the chief deputy auditor and chief deputy county treasurer were present but the auditor and treasurer were not present, public business was conducted. In the absence of the auditor and treasurer, according to the Complaint, there was no quorum and the business conducted violated R.C. 121.22(C).

**{¶55}** The lower court found the claim frivolous because no reasonable attorney would have raised it and because Ames' construction of the statute would lead to unreasonable or absurd results. "Under well settled Ohio law, Treasurers and Auditors may appoint deputies to sit on various Boards and perform the elected official's duties. *See* R.C. 3.06, 321.04, 319.05, and AG Opinion 2006-042." Consideration of the

18

authority cited by the lower court demonstrates that Ames' claim is not objectively unwarranted or unreasonable.

{¶56} In contrast to R.C. 121.22(C), which requires the presence of the auditor and treasurer at the Board's public meeting, R.C. 3.06(A) provides "[a] deputy * * * may perform any duties of his principal." When applied to the January Board of Revision meeting, these two provisions are in conflict. Contrary to the lower court's finding, "well settled law" does not resolve the conflict. The court cites to 2006 Ohio Atty.Gen.Ops. No. 2006-042, which states: "Pursuant to R.C 3.06(A) and R.C 5715.02, a deputy county auditor or treasurer may serve in place of the county auditor or treasurer, respectively, on a hearing board of the county board of revision *for the purpose of hearing complaints as to the value of real property for taxation*." (Emphasis added.) *Id.* at syllabus. The business conducted at the January Board of Revision meeting did not involve hearing complaints as to the value of real property for taxation, but rather the appointment of Board members, the designation of the auditor as agent to represent the Board in appeals, the engagement of a property consultant in determining market values, and the remission of late payment penalties. As the attorney general's opinion only recognizes a deputy's ability to represent the auditor or treasurer at a board of revision meeting for a single, particular purpose, it is not inconsistent with the claim raised by Ames. N.B.: *inclusio unius exclusio alterius*. Moreover, the other two statutes cited by the lower court, R.C. 321.04 ("[e]ach county treasurer may appoint one or more deputies") and R.C. 319.05 ("[t]he county auditor may appoint one or more deputies to aid him in the performance of his duties"), simply have no relevance to the merits of Ames' claim.

19

Case No. 2022-G-0021

{¶57} In light of the foregoing, there are no compelling grounds for finding Ames' conduct frivolous. While the lower court and/or the majority may question Ames' personal motivation for filing this and other lawsuits, that is not the standard by which his conduct should be evaluated.

{¶58} For the foregoing reasons, I respectfully dissent.

Case No. 2022-G-0021